## BUD JONES v. THE STATE.

### No. 5586. Decided November 26, 1919.

**1.—Local Option—Sufficiency of the Evidence.**

Where, upon trial of a violation of the local option law, the evidence was sufficient to sustain the conviction, there was no reversible error.

**2.—Same—Continuance—Bill of Exceptions.**

Where the application for continuance, on account of the absence of defendant's mother, showed that he relied upon her promise to attend court and no process was issued and no bill of exceptions reserved, there was no reversible error.

Appeal from the District Court of Houston. Tried below before the Hon. John S. Prince.

Appeal from a conviction of a violation of the local option law; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*Alvin M. Owsley*, Assistant Attorney General, for the State.— On question of sufficiency of the evidence: Looper v. State, 74 Texas Crim. Rep., 144, 167 S. W. Rep., 342.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of violating the local option law and awarded one year in the penitentiary.

The State's case is made by the testimony of the alleged purchaser. Appellant offered no testimony. The State's witness testified he bought a bottle of whiskey or what he believed to be whiskey from the appellant, and the facts and circumstances show that it was whisky. It seems the witness became very much intoxicated from the use of the contents of the bottle. We think the evidence is sufficient.

Appellant, asked the court for a continuance on account of the absence of his mother, by whom he expected to prove an alibi. There was no process issued for the mother, and he relied upon her promise to attend court to testify in his behalf. There was no bill of exceptions reserved to the action of the court .overruling the application for continuance. There is no error shown in this matter.

The judgment will be affirmed.

*Affirmed.*