# APRIL, 1925.

### STERLING GRAY v. THE STATE.

No. 8860.   Delivered April 29, 1925.

Rehearing denied May 27, 1925.

1.—Manslaughter—Bills of Exception—Question and Answer Form—Not Considered.

Where a bill of exception in the record is in question and answer form, under Art. 846, Code of Criminal procedure we cannot consider same. This rule has been so long announced and followed, and so very many cases have been handed down by us reiterating it, that it seems to us, that trial lawyers should all understand and observe it, in preparing their cases for appeal.

2.—Same—Charge of Court—On Circumstantial Evidence—Properly Refused.

It has often been held by this court that only when the inculptory evidence, is wholly circumstantial, that a charge as to that character of evidence is demanded, and where the defendant has admitted that he killed the deceased such a charge is not required. It is also the rule that if the facts proven are in such close juxtaposition to the main fact to be proven, as to be equivalent to direct testimony a charge on circumstantial evidence is not required. There was no error in failing to charge on circumstantial evidence in this case.   Following Heard v. State, 24 Tex. Crim. App. 111 and other cases cited.

3.—Same—Rehearing—Continuance—Bills of Exceptions.

The complaint of the refusal of a continuance cannot be reviewed in the absence of a bill of exceptions. Following Nelson v. State, 1 Tex. Crim. App. 41, and numerous earlier cases therein cited. Many subsequent cases are collated in Branch's Ann. P. C., Sec. 304.

4.—Same—Special Charges—Refusal of—Not Considered.

Where special charges are refused, and on appeal it is not made to appear that such charges were presented to the trial court before the argument, nor that the refusal of the court to give such charges was excepted to at the time, we cannot consider the matter on appeal. See C. C. P. Arts. 737a and 743. Following Linder v. State, 94 Tex. Crim. Rep., 316 and cases there cited.

ON REHEARING.

5.—Same—Evidence—How Objected to—And Objections Preserved.

This court cannot review the rulings of the trial court in receiving and in rejecting evidence, unless the error complained of is preserved by bills of exception; and such objections cannot be preserved in a motion for a new trial.   See Art. 744, C. C. P. Vernon's Tex. Crim. Stats. Vol. 2, page 536, note 20 Following Holloway v. State, 88 Tex. Crim. Rep. 126 and other cases cited.

Appeal from the District Court of Kaufman County.   Tried below before the Hon. Joel R. Bond, Judge.

Appeal from a conviction of manslaughter; penalty, four years in the penitentiary.

The opinion states the case.

*Jno. T. Buckley,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BERRY, Judge.—Appellant was convicted in the district court of Kaufman county for the offense of manslaughter and his punishment assessed at confinement in the penitentiary for a term of four years. Deceased was the wife of appellant.

The testimony shows that appellant went to a house at night where his wife and step-children were staying and on entering the room where his wife was found her on the bed with another negro, called in the record "Mr. Whang". "Whang" immediately opened fire and the deceased ran, and appellant grabbed the pistol out of "Mr. Whang's" hands, and upon "Mr. Whang's" running appellant began shooting in the direction he and deceased had gone. Shortly after the shooting had ceased, appellant made the statement to his step-son that he got one of them, but he didn't know which one it was. The next day the deceased was found a short distance from the scene of the shooting, in the corn field. The testimony further shows that the deceased was shot in the back and that her death was caused by this wound.

There are but two bills of exceptions in the record. Bill of exception No. 1 is in question and answer form, and, under Art. 846, Code of Criminal Procedure, we can not consider same. Dunlap v. State, recently decided by this court and not yet reported. We have examined the testimony contained in said bill of exception No. 1, however, and are of the opinion that it shows no error, as it seems that the very question of which complaint is made in said bill was answered favorably to the defendant, and at least was not of sufficient importance to require a reversal, could the bill be considered.

Bill of exception No. 2 complains of the action of the court in refusing to charge on circumstantial evidence. It has often been held by this court that it is only when the inculpatory evidence is wholly circumstantial that an instruction as to that character of evidence is demanded; and it has also been the universal holding that proof that defendant admitted or confessed having killed the deceased is direct and not circumstantial evidence of the main inculpatory fact, and a charge on circumstantial evidence is not required when proof of such admission or confession is in evidence. Heard v. State, 24 Tex. Crim. App. 111; Smith v. State, 28 App.

315; Guerrero v. State, 171 S. W. 733. It has also been held that if the facts proven are in such close juxtaposition to the main fact to be proved as to be equivalent to direct testimony, a charge on circumstantial evidence is not required. Dobbs v. State, 51 Tex. C. R. 629; Keith v. State, 50 Tex. C. R. 63; Kidwell v. State, 35 Tex. C. R. 264.

Following the rules above announced, we conclude that there was no error in the court's action in failing to charge on circumstantial evidence in this case.

This disposes of appellant's assignments; and, finding no error in the record, it is our opinion that the case should in all things be affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The complaint of the refusal to continue a case cannot be reviewed in the absence of a bill of exceptions. See Nelson v. State, 1 Texas Crim. App. 41, and numerous earlier cases therein cited. Many subequent cases are collated in Branch's Ann. Tex. P. C., Sec. 304; also in Vernon's Texas Crim. Stat., Vol. 2, p. 529, note 5. See also Jones v. State, 86 Texas Crim. Rep. 261; Tippins v. State, 86 Texas Crim. Rep. 205.

The complaint of the refusal to read to the jury the appellant's special charges cannot be sustained for the reason that it is not shown that they were presented to the court before the argument, nor that their refusal was made the subject of exception. See C. C. P., Arts. 737a and 743; Linder v. State, 94 Texas Crim. Rep. 316, and precedents there cited.

The bills of exceptions composed of a transcription of the stenographer's notes in question and answer form are not shown to have been specifically authorized, are not in compliance with the statute (Art. 846, C. C. P.,) and cannot be considered. Soderman v. State, 97 Texas Crim. Rep. 23; Reese v. State, 94 Texas Crim. Rep. 220; Jetty v. State, 90 Texas Crim. Rep. 346, and many cases collated in the authorities cited.

The various matters of which complaint is made in the motion for new trial and which are stressed in the application for rehearing, with the exception of the one complaining of the refusal to charge on circumstantial evidence and that challenging the sufficiency of the evidence, are not properly here for review. The rulings of the court in receiving and in rejecting evidence, in order to be

reviewed, must be preserved by bills of exception, and the motion for new trial cannot be regarded as a substitute. Art. 744, C. C. P., Vernon's Tex. Crim. Stat., Vol. 2, p. 536, note 20; Holloway v. State, 88 Texas Crim. Rep. 126; Begonia v. State, 226 S. W. Rep. 405; Reid v. State, 226 S. W. Rep. 408.

As we understand the statement of facts, before her marriage to the appellant, the deceased had a son, Jesse McDavid, and the appellant had another stepson call McMurry Ramey. Some three weeks before her death, the deceased and the two stepsons left the home of the appellant and went to Duke's Ranch to work, and occupied a house with a woman named Gertrude. Will Jones, a negro man called "Whang", also lived at the house. According to the State's witness McDavid, before the removal to Duke's Ranch, there had been a quarrel between the appellant and his wife. Appellant went to the house in the night time after some of the witnesses were asleep and upon his entry a scuffle took place between Jones and the appellant in which appellant took possession of Jones' pistol after it had been fired several times. Jones and the deceased fled from the house into a corn field which seems to have been very near the house. After they fled, there was evidence to the effect that appellant fired twice into the corn field; that he heard his wife "holler" as though she was hurt; that her body was found by the appellant on the following evening in the corn field, about twenty-two feet from the house. A witness testified that after the shooting appellant went out of the house and upon his return said, "I got one of them; I do not know which."

According to his testimony, as the appellant entered the room he said: "Hey, what are you niggers doin'?" He thought there was a bunch of men in the room. Jones immediately sprang to his feet, took his pistol from under the pillow, and fired at the appellant a number of times. The wife of the appellant ran out of the house and Jones also fled to the corn field. Appellant claimed that he did not know that his wife was shot, and that he discovered her body by accident.

There was testimony about another pistol in the possession of the appellant. One of the witnesses declared that the appellant, immediately after the shooting, said that he was going to raise hell on the ranch.

The announcements of this court are numerous to the effect that where there is direct evidence from any source that the deceased was killed by the accused, a charge on circumstantial evidence is not required, although the intent with which the homicide was committed is to be inferred from circumstances. See Russell v. State, 38 Texas Crim. Rep. 590, see p. 596; also other cases collated in Branch's Ann. Tex. P. C., sec. 1874, subdivision 1.

It is not upon the remark of the appellant that he "got one of them" alone which the State relies as dispensing with the necessity for a charge on circumstantial evidence. That he fired into the corn field where she fled and where she was killed by a pistol shot was direct and definite. The record is void of any cause of her death other than the shots fired by the appellant. As we understand it, the record excludes any theory looking to her wounds having been inflicted by the shots fired by Jones. Her exclamation, "heard by the appellant" after he fired and where the deceased was in the corn field is not to be ignored, but it, with all the other incidents in which the tragedy is set, is to be taken into account in interpreting the meaning of the appellant's declaration that he "got one of them". In the light of the other surrounding facts revealed by the evidence, it is believed that the remarks last quoted must be construed as a declaration admitting that he had killed the deceased. At any rate, in the light of the precedents, we are impressed with the view that the action of the court in refusing to instruct the jury that reliance was had on circumstances alone, and to give the jury a charge on that basis was not a matter demanding or authorizing a reversal of the judgment. See Holt v. State, 9 Texas Crim. App. 582; Crews v. State, 34 Texas Crim. Rep. 543; Tooney v. State, 8 Texas Crim. Rep. 482.

The motion is overruled.

*Overruled.*