MIGUEL YAFFAR v. STATE

No. 33,546.   June 21, 1961
Motion for Rehearing Overruled October 18, 1961

*Armendariz & Aguirre,* by *Arturo R. Aguirre,* El Paso, for appellant.

*Jack N. Fant,* County Attorney, by *Dudley R. Mann, Jr.,* Assistant County Attorney, El Paso, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is driving while intoxicated; the punishment, three days in jail and a fine of $250.00.

Officers White and Enriquez of the El Paso police testified to practically the same state of facts, which will be summarized. They stated that, while on routine patrol at 2:00 A.M., on the night in question, an automobile approached their police car from the rear, traveling 40-45 miles per hour in a 30-mile per hour zone, and "almost hit us"; that the automobile then drove across the double center stripe into the other lane of traffic, and they turned on their red light and brought it to a halt. They testified that appellant, who was the driver, smelled of intoxicating beverages, stated that he had been to Juarez and had had a few drinks; that after much searching about his person he produced his driver's license; that when he got out of his automobile he "couldn't hardly stand up" and leaned against his automobile while talking to them. They testified that in his conversation appellant's sentences were not complete, that his eyes were watery, and expressed the opinion that appellant was under the influence of intoxicants.

Appellant's female companion in the automobile at the time in question, an unemployed model, testified that she had been in appellant's company for approximately 13 hours prior to his arrest, that they had attended the races, a bull fight, and several cafes and private clubs.

Appellant, testifying in his own behalf, stated that he owned a cafe and a private club in Juarez and had visited them and other places of amusement on the night in question, admitted drinking two cognacs but denied that he was intoxicated. He called the bartenders who had served him the intoxicants, as well as his attorney with whom he conversed on the telephone shortly after his arrest.

The jury resolved the conflict in the evidence against appellant; we find it sufficient to support the conviction and will discuss the contentions advanced by brief and in argument.

By bills of exception Nos. 1 and 2, it is contended that evidence of the extraneous offense of contributing to the delinquency of a minor was introduced when the prosecutor asked each of two witnesses if they knew the age of appellant's com-

panion. The objections to the questions were sustained and the jury instructed not to consider the questions. Nowhere in the record do we find the age of appellant's companion and cannot assume that she was a minor.

Bill of exception No. 3 relates to the answer of the witness Bender who, when being asked what he saw when he arrived at the scene of the arrest, replied, "I saw the officers had just recovered a small 22 caliber." Appellant's objection was sustained, and the jury were instructed to disregard the answer. It should be noted that the question did not indicate whether the "22 caliber" was a rifle or a pistol, the answer made no reference to appellant, and the witness Bender had testified that there were several automobiles and a number of people at the scene when he arrived. However, an examination of the holdings of this court would indicate that evidence of the finding of a pistol would be admissible as a part of the res gestae. See Hill v. State, 96 Tex. Cr. Rep. 364, 257 S.W. 262; King v. State, 269 S.W. 1042; Riojas v. State, 102 Tex. Cr. Rep. 460, 277 S.W. 696; Buchanan v. State, 104 Tex. Cr. Rep. 612, 286 S.W. 230; Phoenix v. State, 112 Tex. Cr. Rep. 491, 17 S.W. 2d 829; Allen v. State, 20 S.W. 2d 1056; and Ross v. State, 334 S.W. 2d 174.

Bill of exception No. 4 relates to argument which appellant contends constituted unsworn testimony wherein he stated that they served drinks in "the Club" (not identified further in the argument set forth in the bill) and that he imagined that they served "some sort of drink" at the bull ring. When the argument was made, appellant's counsel did not call upon the court for a ruling as to its propriety but merely stated to the court that there was no evidence that appellant had had anything to drink. In order to preserve any error, it became incumbent upon appellant to state his objection and secure a ruling from the court. 5 Tex. Juris. 2d, p. 47.

Bill of exception No. 5 complains that one of appellant's witnesses was asked if he had ever driven an automobile after he had been drinking. The question was not answered, the objection to such was promptly sustained, and the jury were instructed to disregard the question. We find no reversible error reflected by the bill.

The judgment is affirmed.