**Octave HOWARD, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 37763.**

Court of Criminal Appeals of Texas.

Feb. 10, 1965.

Rehearing Denied March 17, 1965.

Charles Owen Melder, Houston, on appeal only, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, W. Louis White and F. M. Stover, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

The offense is unlawfully carrying a pistol; the punishment, enhanced by two prior convictions for like offense, four years in jail.

The sufficiency of the evidence is questioned.

The prior convictions for carrying a pistol alleged in the complaint and information were proved. The judgments of conviction were introduced and testimony was offered as to the identity of the defendant and the time of the commission of the offenses. On cross-examination the

appellant admitted that he had been previously convicted as alleged.

Ethel Broadway testified that she saw appellant in the bedroom or middle room of her mother's home on the date alleged in the information; that he had a pistol in his hand; that he struck her; threatened to kill her and "snapped" the pistol at her. She called her mother who was in the kitchen and she came and ordered appellant to get out of the house. He said he wasn't going anywhere and started "cussing" and fighting with her. Appellant fired the pistol into the floor in the living room and the witness' sister was sent next door to call the police.

As the police were arriving at the house, appellant threw the pistol under the divan where the officers found it.

The witness Ethel Broadway testified that appellant at first told her not to tell the police "he throwed it under the divan" but that she told them where it was.

Lucille Jordan, mother of Ethel Broadway, corroborated her daughter's testimony as to appellant having the pistol in her home and firing it into the floor of her living room.

Patrolman C. B. Terpstra, of the Houston Police Department, who responded to the call to go to the address, testified that when he arrived someone called out "he has a gun."

Upon entering the house he found appellant and two women in the living room. Appellant was immediately searched after they pointed at him.

Officer Terpstra was asked and answered:

"Q. Did you find anything when you searched the defendant?

"A. Yes, sir, we found a blackjack.

"Q. Do you have it with you?

"A. Yes, sir.

"Mr. Stover: (Assistant District Attorney) I would like to have this blackjack marked for identification purposes as State's Exhibit No. 3."

Appellant's counsel then objected and his objection was sustained. He moved for a mistrial, which motion the court overruled.

It will be noticed that the evidence was before the jury before any objection was made and there was no motion or request to have the evidence withdrawn. Under such facts no reversible error is shown.

If there was any error in the trial court's rulings, it was against the state when the cautious trial judge sustained appellant's objection on the ground that "it is not the offense for which he is charged." Art. 487, Vernon's Ann.P.C.; Giacona v. State, Tex. Cr.App., 372 S.W.2d 328; Yaffar v. State, 171 Tex.Cr.R. 341, 349 S.W.2d 730; Ross v. State, 169 Tex.Cr.R. 313, 334 S.W.2d 174.

Patrolman Terpstra further testified that Miss Broadway told him that appellant threw the pistol behind the couch and he found the pistol which was introduced in evidence there. He also testified that he saw a bullet hole in the floor of the living room; found a fired cartridge in the pistol.

Appellant testified that the pistol was one he had previously bought and given to Ethel Broadway. He denied that he took the pistol to Lucille Jordan's house or that he fired it. It was his testimony that Ethel had the pistol and her mother had a knife or dagger when they "called the law" and that Ethel handed the pistol to the police when they got there.

Appellant also denied that he threw the pistol behind the couch or that the officers found it there; that he fired the pistol into the floor; that anyone fired the pistol while he was there; that he had ever fired the gun, or that he "ever had the pistol at all out there that day."

We find no merit in the contention that appellant was not shown to have moved about with a pistol. The state offered proof that he had the pistol in his hand in the bedroom and in the living room of the home of Lucille Jordan, fired it and threw it behind the couch where it was found. Ethel Broadway testified, on cross-examination: "Q. Are you stating the defendant brought this pistol to your house? A. He brought it to the house."

The jury decided the fact issue against the appellant and we find the evidence sufficient to sustain the conviction.

 Appellant's complaint as to the court's charge was not raised in his objections and exceptions to the charge, hence need not be discussed other than to observe that it relates to the prior convictions and the application of Art. 61 P.C.

Appellant complains of the overruling of his motion to quash the information upon the ground that the reading of the allegations of the prior convictions to the jury would be so prejudicial that he could not receive a fair trial.

The complaint is further urged that appellant was in fact deprived of a fair trial by reason of the allegation and proof of his prior convictions for carrying a pistol.

 The state may allege and prove a previous conviction for the purpose of enhancing the punishment under the applicable enhancement statute. (Arts. 61 to 63 P.C.) Stephens v. State, Tex.Cr.App., 377 S.W.2d 189, and cases cited. See also Wigginton v. State, Tex.Cr.App., 386 S.W. 2d 532.

Our disposition of appellant's claim of error in the overruling of his motion for mistrial based upon the testimony to the effect that a blackjack was found in the search of the appellant's person disposes of the complaint as to the argument of the prosecuting attorney directing attention to such testimony.

No reversible error appearing, the judgment is affirmed.