Don Cody BATTLE, Appellant,

v.

The STATE of Texas, Appellee.

No. 37980.

Court of Criminal Appeals of Texas.

March 17, 1965.

Fred Time, Dallas, for appellant.

Henry Wade, Dist. Atty., Malcolm Dade, Howard Weinberger and W. John Allison, Jr., Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is felony theft; the punishment, four years.

The injured party testified that he awoke in the middle of the night and observed a dump truck without any lights shining pull out of the alley in back of the apartment house where he resided, that he called the police, got in one of his automobiles and pursued the truck until the police brought it to a halt, and that in the back of the truck he found four expensive hub cabs valued at $27.50 each that had come from his Buick automobile.

Officer Woodrow testified that he stopped the dump truck which was traveling without lights in the middle of the night, that shortly thereafter the injured party arrived upon the scene and identified his hub caps from among others in the back of the truck, and that he then arrested appellant and his companion.

Appellant, testifying in his own behalf, admitted his guilt as he had in his plea of guilty and stated that he stole the hub caps while his companion served as "the look-out", and that they intended to sell them.

■ The sole question presented on appeal is whether or not appellant should have been allowed to have Counselor Time enter the case and represent him at trial. The record on the motion for new trial reflects that the indictment against appellant was returned on May 4, 1964. The case was originally set for trial on May 21, but at such time Honorable Edgar Smith, a member of the Bar, informed the court that he represented appellant, and the case was reset for September 2, at which time it was passed until September 10, when the case went to trial with Edgar Smith representing appellant. While it is true that Attorney Time, at the hearing on the motion for new trial, developed from the prosecutor the fact that he had approached him on September 10, with a request that the case be passed so that he might sit in and participate in appellant's defense, there is no showing that Attorney Time made any request to the court that the case be passed or continued, and no motion for continuance appears in the record.

In order to preserve any error, it is incumbent upon appellant to secure a ruling from the court. Yaffar v. State, 171 Tex. Cr.R. 341, 349 S.W.2d 730, and 5 Tex.Juris. 2d, p. 47.

■ Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.