**Raymond Mason RANDOLPH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46556.**

Court of Criminal Appeals of Texas.

Oct. 3, 1973.

Jim Crow (court appointed), Waco, for appellant.

Martin D. Eichelberger, Dist. Atty., Dick Kettler and Ward Casey, Asst. Dist. Attys., Waco, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

QUENTIN KEITH, Commissioner.

The conviction is for the sale of heroin and the punishment, enhanced by two prior felony convictions less than capital, was life.

Undercover Agent Burton Lathram of the Department of Public Safety, accompanied by an informer, made a purchase of three bags of heroin from appellant paying $10 for each bag. The chain of possession of the drug was properly established and the substance was identified by a Department of Public Safety chemist as heroin. Mr. Lathram testified to having seen the appellant upon several prior occasions when on February 17, 1972, he and the informer went to the Utopia Courts on Elm Street in East Waco. As Lathram drove up to the courts, "he [appellant] yelled he wanted to see us about some stuff [heroin] . . . . I told him I would purchase some heroin, would buy three tens, three dime bags. . . . And at that time he went to his apartment and brought back three dime bags and I gave him three ten dollar bills."

Appellant, testifying in his own behalf, offered an entirely different version of the transaction, saying that he took them to a place on North Sixth Street in Waco where a "Mr. Howard D" sold them the heroin. On cross-examination, he was asked:

"Q And . . . . you didn't sell them any heroin on that date [February 17, 1972]?

"A I did not sell them any heroin.

"Q Have you ever sold them anything?

"A I never sold them nothing [sic].

"Q Any pills?

"A No sir.

"Q Neither Hamilton, Lathram or Hernandez?

"A No."

Appellant also admitted, at the guilt-innocence stage of the trial, his two prior convictions of felony theft in Dallas County.

In rebuttal, the State offered Department of Public Safety Agents Hamilton and Lathram who testified to the details of other purchases of heroin and barbiturate pills by them from the appellant. The admission of this testimony, which was received without objection, forms the basis of appellant's four grounds of error.

■ Each of the grounds presented is multifarious and none complies with Art. 40.09, § 9, Vernon's Ann.C.C.P. Appellant complains in each of his grounds of error of questions and evidence pertaining to four extraneous offenses. Such multifarious points present nothing for review. Smith v. State, 481 S.W.2d 886, 888 (Tex. Cr.App.1972), and authorities therein cited. See also Battiste v. State, 485 S.W.2d 781, 782 (Tex.Cr.App.1972). However, in the interest of justice, we have reviewed the record carefully but do not find error presented.

Appellant's brief does not "refer to that part of the ruling of the trial court" relating to the admission of testimony as to other purchases from defendant by Agents Hamilton and Lathram as required by Art. 40.09, § 9, supra. Having examined the record carefully, we note that this omission was dictated by necessity for there were no objections to the testimony so elicited from the appellant or the impeaching testimony from the officers.

■ Failure to object when evidence is offered precludes review by this Court. Palmer v. State, 475 S.W.2d 797, 800 (Tex.Cr.App.1972). Having made no objections at the time, any error in admitting the testimony has been waived. Lopez v. State, 468 S.W.2d 365, 367 (Tex.Cr. App.1971).

However, because of the insistence that the receipt of such impeaching testimony violated appellant's federal constitutional rights, we have reviewed the authorities

cited and disagree with the contention so advanced. Appellant relies primarily upon language found in Hafti v. State, 416 S. W.2d 824, 826 (Tex.Cr.App.1967); but such reliance is misplaced. In Hafti, the defendant did not testify or offer any affirmative defense and the State proved, over a timely objection, that the pistol used in the robbery had been stolen by defendant a few days earlier. Under these circumstances, the court held, and properly so under the prevailing authorities, that "where there is positive testimony to support the state's case, proof of other independent offenses is not admissible."

■ A defendant in a criminal prosecution who voluntarily takes the witness stand in his own behalf becomes subject to cross-examination as any other witness. 1 McCormick & Ray, Texas Law of Evidence (2d ed. 1956) § 602, p. 471. Indeed, as was said in Webber v. State, 472 S.W. 2d 136, 139 (Tex.Cr.App.1971):

> "When an accused voluntarily takes the stand he subjects himself to any legitimate cross-examination within the rules of evidence. He may be contradicted, impeached, discredited, attacked, sustained, bolstered up and cross-examined as to new matter; except where the law forbids certain matters to be used against him. [citations omitted]
>
> "Had the appellant been formally charged but not yet convicted with the offense of shoplifting, evidence that such charge had been filed could not properly be admitted. Art. 38.29, Vernon's Ann. C.C.P.; Garcia v. State, Tex.Cr.App., 454 S.W.2d 400, and the cases there quoted and cited. Here, the appellant had not even been formally charged with the offense of shoplifting."

Appellant denied, upon direct examination, that he had sold any drugs or pills to the undercover agent. Upon cross-examination, this was expanded from the date of the offense for which he was being tried so as to include other occasions. Appellant answered the questions as indicated earlier and the State then proved the other sales and deliveries. However, the State made no attempt to prove that appellant had been indicted or convicted of any of such other extraneous offenses.

■ In Garcia v. State, 454 S.W.2d 400, 405 (Tex.Cr.App.1970), the Court restated the prevailing rule: "It is well established that evidence of specific acts of misconduct against an accused or a witness is not admissible for impeachment purposes." (citations omitted). Furthermore, under the provisions of Art. 38.29, V.A.C.C.P., evidence of indictment charging the commission of an offense is inadmissible for impeachment purposes "unless on trial under such indictment . . . . a final conviction has resulted."

But in this instance, the appellant, of his own accord, went beyond the mere denial of complicity in the crime of which he was charged and made the sweeping claim he had never sold the undercover agents any narcotics or pills. In a somewhat similar case, Walder v. United States, 347 U.S. 62, 65, 74 S.Ct. 354, 98 L.Ed. 503, 507 (1954), impeachment was held permissible even though the charges had been dropped in an earlier case before trial. See also Ochoa v. State, 481 S.W.2d 847, 850 (Tex.Cr. App.1972); and Orozco v. State, 164 Tex. Cr.R. 630, 301 S.W.2d 634, 639 (1957). But cf. Jones v. State, 479 S.W.2d 307, 311 (Tex.Cr.App.1972, Roberts, J., concurring).

The court specifically instructed the jury that such testimony could be considered only for impeachment purposes, if considered at all, and could be considered for no other purpose. Cf. 1 Branch's Annotated Penal Code (2d ed. 1956) § 189.3, p. 209.

■ The State laid the predicate for the impeaching testimony without objection and appellant's sweeping exculpatory statements were thus placed in evidence. We do not approve of the trial tactics of the State which enabled it to introduce in evidence the details of the extraneous offens-

es, even including the specific contraband purchased at such time. The defendant should be tried on the merits of each case and proof of extraneous crimes which does not go to show intent, identity, or system, or which is not a part of the res gestae, is not admissible. Such testimony is obviously prejudicial to the defendant's rights going to show that the defendant is a criminal generally. See Branch's, supra, § 188 at 202. But in order to present reversible error, it is incumbent upon the defendant to make a timely and pertinent objection to the testimony when it is tendered [*Palmer,* supra (475 S.W.2d at 800); *Lopez,* supra (468 S.W.2d at 367)]; and complaint of the trial court's action must be in accordance with the rules governing appeals to this Court. Smith v. State, supra (481 S. W.2d at 888).

The judgment is affirmed.

Opinion approved by the Court.