O. H. NICHOLS, Appellant,

v.

The STATE of Texas, Appellee.

No. 48842.

Court of Criminal Appeals of Texas.

July 24, 1974.

Kenneth W. Booker, Tyler, for appellant.

Robert W. Gage, County Atty., Fairfield, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

JACKSON, Commissioner.

This is an appeal from an order revoking probation.

On July 23, 1970, appellant entered a plea of guilty before the court to an indictment charging felony theft. Appellant's punishment was assessed at five (5) years, but the imposition of sentence was suspended, and appellant was placed on probation.

Among the conditions of probation was the requirement that appellant "commit no offense against the laws of this State or any other State or the United States."

On August 2, 1973, the State filed its amended motion to revoke appellant's probation, alleging that appellant "(2) Committed an offense against the laws of this State, to-wit: that on the 24th day of July, 1973, in Freestone County, Texas, said Oliver Harris Nichols did sell to James Edward Beck a dangerous drug, to-wit: Phentermine."

A hearing was conducted and on August 14, 1973, the court entered its order revoking appellant's probation, finding that appellant "has committed an offense against the laws of this state, to-wit: That on the 24th day of July, 1973, in Freestone County, Tx., said Nichols did sell a dangerous drug: Phentermine."

A brief summation of the evidence shows that James Beck was promised by the County Attorney of Freestone County that his brother would be released from jail if he would help the sheriff catch appellant selling drugs. Beck agreed. On July 24, 1973, Beck appeared at the jailhouse and was given a shakedown search by the County Attorney. He was supplied an automobile and told to drive to appellant and make a purchase of drugs. The Sheriff and the County Attorney followed him in a separate car. He was never out of their sight. Beck found appellant at his place of work, a truck stop in Teague. Beck entered the building and a few minutes later reappeared with appellant. They went to where appellant's car was parked. The Sheriff and the County Attorney observed the two from a distance but were unable to see whether drugs were passed from appellant to Beck. Beck testified he gave appellant two marked five dollar bills and that appellant gave him thirteen yellow capsules. Beck then left

the appellant and took the capsules to the Sheriff. The Sheriff immediately arrested appellant. After the arrest appellant was searched, and the marked currency was recovered. The Sheriff testified that he kept part of the capsules in custody and carried part to Waco to be analyzed. The chemist, who received the capsules directly from the Sheriff and who analyzed them, testified that they contained "Phentermine," an isomer of methamphetamine. He placed the capsules in a container, sealed it, and locked it in a vault until the time of the trial, at which time he carried the container to the court and handed it to the prosecutor.

The portion of the capsules retained by the Sheriff were placed in an envelope which was sealed and kept in the Sheriff's custody until handed to the prosecutor before the trial. Both groups of capsules were introduced into evidence over appellant's objections.

In his first ground of error appellant complains that the trial court abused its discretion by allowing certain capsules to be admitted into evidence when no chain of custody from the appellant to James Beck had been established. In view of the evidence contained in the record, which we have set out above, we find appellant's contention to be without merit.

In his second ground of error, appellant complains that the trial court abused its discretion by permitting the prosecutor to take the stand himself and testify. No objection was made at the time the prosecutor took the stand and testified. In the absence of a timely objection, error, if any, was waived, and the court is precluded from review of appellant's contention. Phillips v. State, Tex. Cr.App., 511 S.W.2d 22; Randolph v. State, Tex.Cr.App., 499 S.W.2d 311.

Appellant's second ground of error is overruled.

In his third ground of error, appellant complains that the evidence was not sufficient to overcome the probability that James Beck obtained the drugs from a person other than appellant and framed appellant in order to secure the release from jail of Beck's brother. In view of our discussion of the evidence contained in the record, we find this contention to be without merit.

Appellant also contends that the State failed to prove that the capsules contained "Phentermine" as alleged in the motion to revoke probation.

We have reviewed the statement of facts and find that the original typed transcription of the reporter's notes sets out the word "Amphetamine" at each point in the testimony of the State's chemist where the contents of the capsules were identified. Sometime after the transcription was typed, the word "Amphetamine" was marked through with a ball point pen and the word "Phentermine" was handwritten above it. In the margin next to each alteration appear the initials "C.T.B." On the final page of the statement of facts appears the certification of Carl T. Black, the official court reporter.

In the transcription of the court's oral pronouncement of judgment, the word "Amphetamine" appears unaltered. The same word appears once more in the transcription of one of appellant's oral objections.

The statement of facts was certified by the court reporter and examined and ordered filed by the trial judge on December 12, 1973. Notice of the completion of the record was given the State and appellant's counsel on December 17, 1973. No objections with regard to the contents of the statement of facts were filed by either party. The judge found the record correct and approved it, January 11, 1974. Nothing appears in the record or the briefs to show that the alterations were not made prior to the order of approval.

Where procedural requirements do not affirmatively appear in the record

**948**

to have been violated, a presumption of regularity must prevail. Green v. State, Tex.Cr.App., 510 S.W.2d 919; Brooks v. State, Tex.Cr.App., 473 S.W.2d 30. We presume that the word "Amphetamine" was transcribed into the statement of facts by mistake and that it was corrected by the court reporter prior to examination and approval by the court. Therefore, the record reflects that appellant sold the drug "Phentermine" to James Beck as was alleged in the State's motion and no variance exists.

Appellant's third ground of error is overruled.

■ In his fourth ground of error, appellant contends that the trial court abused its discretion by not furnishing appellant findings of fact as appellant requested. The record shows that appellant's counsel mailed a written request for findings of fact to the clerk of the court on November 18, 1973, along with a written request that the same be filed. The motion was filed in the record of the case on November 19, 1973. Nowhere in the record does it appear that appellant brought the court's attention to this motion or requested a ruling thereon. Having failed to urge his motion before the trial court, appellant waived any error. Thomas v. State, Tex.Cr.App., 477 S.W.2d 881; Austin v. State, Tex.Cr.App., 451 S.W.2d 491; Yaffar v. State, 171 Tex.Cr.R. 341, 349 S.W.2d 730. In addition, the trial court's findings of fact and conclusions of law are set out in the revocation order itself in accord with the authority appellant cites. McBee v. State, 166 Tex.Cr.R. 562, 316 S.W.2d 748, and Tate v. State, Tex.Cr.App., 365 S.W.2d 789.

The order of revocation is affirmed.

Opinion approved by the Court.

MORRISON, Judge (concurring).

Although not raised by appellant, the facts suggest that there may have been an issue of entrapment. The appellant, how-ever, testified and denied participation in any drug sales, and therefore cannot claim the defense of entrapment. Guerrero v. State, Tex.Cr.App., 507 S.W.2d 765, and cases cited therein.

I concur in the affirmance of this conviction.