COURT
OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-047-CR
DONALD WAYNE WALKER           
           
           
           
        APPELLANT
V.
THE STATE OF TEXAS           
           
           
           
           
        STATE
------------
FROM THE 97TH DISTRICT COURT OF MONTAGUE COUNTY
------------
OPINION
------------
Introduction
Donald Wayne Walker appeals his
convictions for evading arrest and endangering a child. In three points on
appeal, appellant contends that the trial court erred in denying his request for
the submission of a lesser included offense, the evidence was insufficient to
sustain the conviction for child endangerment, and the evidence was insufficient
to prove enhancement under the habitual offender statute. We will affirm.
Background
At about 2:00 a.m. on June 28, 2000,
Officer Jason Couch was dispatched to Highway 287 outside of Bowie. Dispatch
directed Officer Couch to assist law enforcement officials in locating a
"gas drive-off." The dispatch report described the suspect's vehicle
as an older model blue-over-white GMC pickup headed southbound on 287. After
about five minutes, the vehicle passed Officer Couch's location. Following close
behind the truck, Officer Couch verified the pickup's license plate number and
attempted to stop it. However, the driver refused to stop and accelerated. To
get the driver's attention, Officer Couch hit his siren twice. The pickup
continued to accelerate and Officer Couch pursued it at speeds of up to
eighty-five miles per hour.
The pursuit continued for about two miles.
The driver missed the turnoff for Highway 59, but went ahead and made a
right-hand turn. He crossed the grassy median and entered the exit ramp.
However, due to the speed of the vehicle, it ended up in the bar ditch. Officer
Couch drew his firearm and instructed the driver, later identified as appellant,
to get out of the vehicle. Instead, appellant attempted to back out of the
ditch. The escape was unsuccessful, and appellant surrendered without further
incident. Five people exited the truck including an infant.
As a result of the chase and ensuing
accident, appellant was charged with evading arrest and endangering a child. A
jury found him guilty of both offenses. The State sought enhancement of
appellant's punishment, and the jury found that appellant had been previously
convicted of two prior felony offenses. The jury assessed punishment at fifteen
years' confinement and a $7,500 fine for each count of the indictment. This
appeal followed.
Lesser Included Offense
In his first point, appellant argues that
the court erred in denying his request for submission of a jury instruction on
the lesser included offense of fleeing or attempting to elude a peace officer.
To determine whether a jury must be charged on a lesser included offense, we
apply a two-step analysis. Moore v. State, 969 S.W.2d 4, 8 (Tex. Crim.
App. 1998). The first step is to decide whether the offense is a "lesser
included offense" as defined in article 37.09 of the code of criminal
procedure. Tex. Code Crim. Proc. Ann. art. 37.09 (Vernon 1981); Moore,
969 S.W.2d at 8. A lesser included offense is defined both in terms of the
offense charged and the facts of the case: "An offense is a lesser included
offense if . . . it is established by proof of the same or less than all the
facts required to establish the commission of the offense charged." Tex.
Code Crim. Proc. Ann. art. 37.09(1). Therefore, our analysis of whether an
offense is a lesser included offense of the charged offense must be made on a
case-by-case basis. Bartholomew v. State, 871 S.W.2d 210, 212 (Tex.
Crim. App. 1994); Day v. State, 532 S.W.2d 302, 315-16 (Tex. Crim. App.
1976) (op. on reh'g). It does not matter if the charged offense can be
established on a theory that does not contain the lesser offense; the issue is
whether proof of the charged offense, in this case, actually included
proof of the lesser included offense as defined in article 37.09. Schweinle
v. State, 915 S.W.2d 17, 18 (Tex. Crim. App. 1996); Broussard v. State,
642 S.W.2d 171, 173 (Tex. Crim. App. 1982).
The second step requires an evaluation of
the evidence to determine whether there is some evidence that would permit a
rational jury to find that the defendant is guilty only of the lesser offense,
and not of the greater. Lofton v. State, 45 S.W.3d 649, 652 (Tex. Crim.
App. 2001); Moore, 969 S.W.2d at 8. The evidence must be evaluated in
the context of the entire record. Moore, 969 S.W.2d at 8. There must be
some evidence from which a rational jury could acquit the defendant on the
greater offense while convicting him of the lesser included offense. Id.
The court may not consider whether the evidence is credible, controverted, or in
conflict with other evidence. Id. If there is evidence from any source
that negates or refutes the element establishing the greater offense, or if the
evidence is so weak that it is subject to more than one reasonable inference
regarding the aggravating element, the jury should be charged on the lesser
included offense. Schweinle, 915 S.W.2d at 19; Saunders v. State,
840 S.W.2d 390, 391-92 (Tex. Crim. App. 1992).
A person commits the greater offense of
evading arrest if he intentionally flees from a person he knows is a peace
officer attempting to lawfully arrest or detain him. Tex. Penal Code Ann. §
38.04(a) (Vernon Supp. 2003). A person commits the lesser offense of fleeing or
attempting to elude a peace officer "if the person operates a motor vehicle
and wilfully fails or refuses to bring the vehicle to a stop or flees, or
attempts to elude, a pursuing police vehicle when given a visual or audible
signal to bring the vehicle to a stop." Tex. Transp. Code Ann. §
545.421(a) (Vernon 1999). The pursuing officer must be in uniform, prominently
displaying his badge, and driving an appropriately marked police vehicle. Id.
§ 545.421(b).
Here, the indictment charged that
appellant did "intentionally flee from Jason Couch, a person the Defendant
knew to be a police officer lawfully attempting to arrest or detain the
Defendant, and the Defendant used a vehicle in said flight." In proving
that appellant evaded arrest, the State established that appellant failed to
stop his vehicle after being given an audible signal to do so by an officer in
uniform, displaying his badge, and driving a properly marked police car. Thus,
the only difference between the two statutes as applied to the facts of this
case is the element of evading arrest that requires appellant's knowledge that
the officer was attempting to lawfully arrest or detain him. Accordingly,
because the elements of fleeing or attempting to elude a peace officer are
included within the proof necessary to establish evading arrest, fleeing or
attempting to elude a peace officer is a lesser included offense of evading
arrest. Broussard, 642 S.W.2d at 173.
Having found that the offense of fleeing
or attempting to elude a peace officer is a lesser included offense of the
offense of evading arrest under the facts of this case, we must determine
whether the evidence would permit a jury to find appellant guilty only of the
lesser included offense. Appellant, while operating a motor vehicle, refused to
obey the signal to stop the vehicle given by a uniformed peace officer in a
marked police vehicle within minutes of stealing gas. A rational juror could
have found that, in failing to stop his vehicle when he was given the signal to
do so after stealing gas, appellant intentionally and knowingly fled from a
person he knew to be a peace officer attempting to lawfully arrest or detain
him. The record contains no evidence negating appellant's knowledge that Officer
Couch was attempting to lawfully arrest or detain him. Because the evidence
fails to negate the knowledge element of the offense of evading arrest, we
conclude that a rational juror could not find appellant guilty only of the
lesser included offense of fleeing or attempting to elude a peace officer.
Therefore, the trial court did not err in failing to include an instruction on
the lesser included offense. We overrule appellant's first point.
Sufficiency of the
Evidence
In point two, appellant argues that the
evidence is insufficient to sustain his conviction for child endangerment. In
reviewing the legal sufficiency of the evidence to support a conviction, we view
all the evidence in the light most favorable to the verdict. Cardenas v.
State, 30 S.W.3d 384, 389-90 (Tex. Crim. App. 2000); Narvaiz v. State,
840 S.W.2d 415, 423 (Tex. Crim. App. 1992), cert. denied, 507 U.S. 975
(1993). The critical inquiry is whether, after so viewing the evidence, any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt. McDuff v. State, 939 S.W.2d 607, 614 (Tex.
Crim. App.), cert. denied, 522 U.S. 844 (1997). This standard gives
full play to the responsibility of the trier of fact to resolve conflicts in the
testimony, to weigh the evidence, and to draw reasonable inferences from basic
facts to ultimate facts. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.
Ct. 2781, 2789 (1979).
In reviewing the factual sufficiency of
the evidence to support a conviction, we are to view all the evidence in a
neutral light, favoring neither party. Johnson v. State, 23 S.W.3d 1, 7
(Tex. Crim. App. 2000); Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim.
App. 1996). Evidence is factually insufficient if it is so weak as to be clearly
wrong and manifestly unjust or the adverse finding is against the great weight
and preponderance of the available evidence. Johnson, 23 S.W.3d at 11.
Therefore, we must determine whether a neutral review of all the evidence, both
for and against the finding, demonstrates that the proof of guilt is so
obviously weak as to undermine confidence in the verdict, or the proof of guilt,
although adequate if taken alone, is greatly outweighed by contrary proof. Id.
In performing this review, we are to give due deference to the fact finder's
determinations. Id. at 8-9; Clewis, 922 S.W.2d at 136.
Consequently, we may find the evidence factually insufficient only where
necessary to prevent manifest injustice. Johnson, 23 S.W.3d at 9, 12; Cain
v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).
Under section 22.041(c) of the penal code,
a person commits the offense of child endangerment "if he intentionally,
knowingly, recklessly, or with criminal negligence, by act or omission, engages
in conduct that places a child younger than 15 years in imminent danger of
death, bodily injury, or physical or mental impairment." Tex. Penal Code
Ann. § 22.041(c) (Vernon Supp. 2003). Appellant contends that to prove the
commission of this offense it is not enough for the State to merely show that a
person intentionally or knowingly "engages in conduct" that places a
child in imminent danger; instead, he asserts that the State has the burden of
proving that he intentionally or knowingly places the child in imminent danger.
We disagree.
If the language of a statute is
unambiguous, we are to give effect to its plain meaning unless doing so would
lead to an absurd result. Mosley v. State, 983 S.W.2d 249, 256 (Tex.
Crim. App. 1998) (op. on reh'g), cert. denied, 526 U.S. 1070 (1999).
The language of section 22.041(c) is unambiguous and expresses a clear
legislative intent that a person commits the offense of child endangerment if he
intentionally or knowingly "engages in conduct" that places a child in
imminent danger of death, bodily injury, or physical or mental impairment. The
statute does not require proof that the person intend or know that his conduct
places the child in such imminent danger. Contreras v. State, 54 S.W.3d
898, 905-06 (Tex. App.--Corpus Christi 2001, no pet.). To interpret the statute
in such a manner would require us to give it a meaning its language does not
support. (1) We refuse to do this.
The evidence in this case shows appellant
intentionally fled from Officer Couch with the child and that, in an effort to
evade the officer, drove through a ditch; ran a stop sign; failed to negotiate a
ninety-degree turn; drove at speeds of up to eighty-five miles per hour; ran
through a highway intersection without stopping for crossing traffic; and
wrecked the vehicle in a ditch on the other side of the highway. This conduct
was done intentionally and knowingly and placed the child in imminent danger of
death, bodily injury, or physical or mental impairment. Therefore, the evidence
is both legally and factually sufficient to support the verdict. We overrule
appellant's second point.
Prior Conviction
In his third point, appellant alleges that
the evidence was insufficient to enhance his punishment under the habitual
offender statute because one of his prior convictions used for enhancement
purposes was void. The judgment at issue sentenced appellant to 473 days in
county jail as per section 12.44 of the Texas Penal Code. However, apparently
discovering that this length of time was beyond the punishment range for a Class
A misdemeanor, the trial court interlineated the handwritten notation of 365
days in the county jail and struck through the number "473" in two
places on the judgment. Appellant contends that because he was sentenced to an
unauthorized punishment, i.e.,473 days rather than the maximum of one year,
(2) the sentence was void and the conviction invalid. If this were
true, the prior conviction could not be used to enhance either his evading
arrest or child endangerment convictions. Stapleton v. State, 671
S.W.2d 724, 725 (Tex. App.--Houston [1st Dist.] 1984, no pet.).
In considering any claim that a judgment
is void, the court should indulge every presumption in favor of the regularity
of the documents in the trial court. Nichols v. State, 511 S.W.2d 945,
947-48 (Tex. Crim. App. 1974). The "presumption of regularity" must
prevail unless the procedural requirements affirmatively appear in the record to
have been violated. Id.
In this case, the interlineation was
clearly meant to change the sentence recorded on the judgment from 473 days to
365 days. Since the intent of the judgment is clear, and its validity is
presumed, appellant's prior judgment is not void. Therefore, we overrule point
three.
Conclusion
Having overruled each of appellant's
points, we affirm the trial court's judgment.
 
JOHN CAYCE
CHIEF JUSTICE
 
PANEL A: CAYCE, C.J.; DAY and LIVINGSTON,
JJ.
PUBLISH
 
[Delivered November 27, 2002]

1. We recognize that the Austin Court of Appeals has noted
in dicta that endangering a child is a "result of conduct" crime. Millslagle
v. State, 81 S.W.3d 895, 897 n.1 (Tex. App.--Austin 2002, pet. filed). In
reaching this conclusion, however, we believe the court ignored the plain
language of the statute and mistakenly relied on Beggs v. State, a
decision of the court of criminal appeals interpreting a different statute. Id.;
see Beggs v. State, 597 S.W.2d 375, 377 (Tex. Crim. App. [Panel Op.]
1980). In Beggs, the court of criminal appeals construed the
predecessor to section 22.04, the injury to a child statute, in light of the
statute's legislative history. 597 S.W.2d at 377. Because section 22.04
and section 22.041(c) are separate and distinct offenses, Beggs and its
rationale is inapplicable.
2. Section 12.21 states that a Class A misdemeanor shall
be punished by confinement in jail for a term not to exceed one year. Tex. Penal
Code Ann. § 12.21 (Vernon 1994).