## TOM GENTRY V. THE STATE.

No. 10004.   Delivered November 10, 1926.

Rehearing denied January 19, 1927.

**1.—Possessing   Equipment,   Etc.—Evidence—Motion   to   Suppress—Rule
Stated.**

A motion to suppress evidence, before same is offered on the trial,
is not recognized as a practice applicable to our jurisprudence.  The proper
time to oppose the introduction of evidence against the accused is when
it is offered.  If proffered testimony against him be admitted over his
objection he can invoke a review of the action of the court by preserving
a record of the matter in a bill of exception.

### ON REHEARING.

**2.—Same—Bill of Exception—Requisites Of—Rule Stated.**

A bill of exception, which only contains a statement of the objections
made by appellant to the matter complained of, is not tantamount to a
certificate of the truth of the facts stated, and this has been repeatedly
so held by this court.  Facts should be averred to be facts, and not merely
as a ground for the objections.

**3.—Same—Plea of Jeopardy—Properly Overruled.**

Where appellant was on trial for possessing equipment for the pur-
pose of manufacturing intoxicating liquor, his plea of jeopardy, based
upon his former conviction for the manufacture of intoxicating liquor,
was properly overruled.  The transactions are not identical.

Appeal from the District Court of Hopkins County.   Tried
below before the Hon. J. M. Melson, Judge.

Appeal from a conviction for the possession of equipment for
the manufacture of intoxicating liquor, penalty one year in the
penitentiary.

This is a companion case to cause No. 10000, this day decided.
For the reasons there stated, the objection to the indictment is
overruled.

*Ramey & Davidson* of Sulphur Springs, for appellant.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*,
Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The possession of equipment
for the manufacture of intoxicating liquor is the offense, pun-
ishment fixed at confinement in the penitentiary for one year.

The evidence is definite and conclusive to the point that the appellant possessed a still, mash and other apparatus for the manufacture of intoxicating liquor.

Against the indictment appellant urges the same matters that are presented by him in the companion case, No. 10000, this day decided. A discussion of the point raised and citation of authorities therein and the conclusion reached are applicable to the present contention. For the reasons there stated the objection to the indictment is overruled.

Some special charges complain of the failure of the court to submit a special plea of former conviction, but we fail to find any evidence upon the subject.

Bill of exceptions No. 2 reflects the action of the court upon a preliminary motion made by the appellant to suppress the evidence of certain officers who, it is charged in the motion, searched his premises without legal authority and thereby possessed criminating facts which were used against him upon the trial. The procedure attempted is not recognized as a practice applicable to our jurisprudence. The explanation of the bill seems to eliminate the question, but aside from that, the proper time to oppose the introduction of the testimony which the accused deems inadmissible against him is when it is offered. If proffered testimony against him be admitted over his objection, he can invoke a review of the action of the court by preserving a record of the matter in a bill of exceptions. In the present case there seems to have been no exception to the introduction of the testimony. The action of the court in failing to sustain the preliminary motion raises no question for review.

The judgment is affirmed.

*Affirmed.*

## ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant insists that there is in the record an affirmative showing of the fact that he was under arrest at the time the grand jury which returned the bill herein, was organized. Investigating the part of the record to which appellant refers us, we find that the only showing appears to be in a bill of exceptions, and that part of same to which appellant particularly points, is merely a statement of the objections made by appellant. This court has repeatedly held that the statement of objections carries with it no certificate of the truth of the facts so stated. We are unable to agree with this contention of the appellant.

Upon the point that the court erred in the matter of his plea

of jeopardy, appellant also states that the record abounds with evidence showing that the transaction and offense for which he was upon trial here is the same as the one for which he was tried in cause No. 10000. We have again examined the record and are unable to agree with this proposition. Appellant was on trial in cause No. 10000 for the manufacture of intoxicating liquor. He is on trial here for the possession of a still, mash, etc., for the purpose of manufacturing liquor. We are unable to find any showing in the record that he was convicted in the former case for the identical act and transaction here charged.

The motion for rehearing will be overruled.

*Overruled.*