## J. W. WHITBY V. STATE.

No. 24866. October 18, 1950.

No attorney for appellant of record on appeal.

*George P. Blackburn,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The conviction is for the offense of driving an automobile on a public highway while intoxicated. The punishment assessed by a jury is a fine of $50.00.

Complaint was filed in the county court of Dallam County on June 14, 1948, sworn to by affiant, A. W. Hammock, before King Fike, a notary public.

An information, following the language of the complaint, was filed in said court on the same day signed by King Fike as "Acting County Attorney."

Sometime thereafter and prior to appellant's trial, an information was filed by F. H. Richards, district attorney of the district which includes Dallam County, charging the same offense against appellant, and upon this latter information the trial was had.

Appellant sought to quash the information upon the theory that no leave had been granted to amend the first filed information, and it had not been dismissed, and upon the insufficiency of the first filed information as being presented by the "Acting County Attorney."

The bills of exception raising these contentions were qualified by the court, and show that at the time the complaint was filed, Dallam County did not have a regular county attorney; that prior to the trial the district attorney consulted with the county judge regarding the sufficiency of the information filed by Mr. Fike as acting county attorney, and filed his information in the case.

It is further shown that on the date of the trial, upon the filing of a motion to dismiss the information filed by the district attorney, upon motion of the state, the information filed by Mr. Fike was dismissed as legally insufficient, and the trial proceeded on the district attorney's information.

We find no error in such proceeding. The information filed by the district attorney, and upon which appellant was tried, was valid and sufficient.

The state's evidence shows that appellant was found in his car on the highway named in the information and complaint at the scene where a collision had occurred. He stated to the officer, who investigated the collision, that he owned and was driving the car.

Appellant testified that he had not been drinking on the occasion of the collision, but had been drinking the night before. He further testified that he was not driving the car at the time of the collision, but that one Charles Buxton was driving.

The jury passed upon such issues and held against appellant's theory. The evidence is sufficient to sustain the verdict, and the trial court correctly overruled appellant's motion for an instructed verdict of acquittal.

There appears in the transcript what purports to be exceptions to the court's charge filed by appellant. Such exceptions cannot be considered by this court for the reason that it is not shown that such were called to the attention of the trial judge, or ruled on by him.

In order to be considered, exceptions to the charge must show that they were presented to the trial judge prior to the reading of the charge to the jury, were overruled by the trial judge, and that the defendant excepted. See Art. 658, C.C.P.; 4 Tex. Jur. 221, Sec. 160 (223) ; Castelberry v. State, 88 Tex. Cr. R. 502, 228 S.W. 216.

Bill of Exception No. 2 complains of the refusal of the court to give the jury a special charge to the effect that they should acquit appellant if they found and believed or had a reason-doubt that another person other than appellant was driving the car in question at the time and place alleged in the complaint and information.

The trial court qualified this bill of exception certifying therein that he did charge the jury in paragraph 3 that the state must prove beyond a reasonable doubt "that it was not someone else" that was driving the car.

Appellant accepted the bill as qualified and is bound by such qualification.

Moreover in the paragraph referred to we find the instruction mentioned, and since we are not authorized to consider the exceptions addressed to the other instructions in said paragraph, we must hold that Bill of Exception No. 2 presents no reversible error.

Other bills of exception relate to the admission of testimony as to appellant's statement to the officer over the objection based upon the claim that appellant was under arrest at the time. The court's qualification certifies that appellant was not under arrest at such time, and that he so found as a result of examination of the witness in the absence of the jury. Appellant accepted such qualification and is bound by same. As qualified, such bills of exception do not present reversible error.

Finding no reversible error, and the evidence being deemed sufficient to support the verdict, the judgment is affirmed.

Opinion approved by the court.