## HENRY GONZALES v. STATE

No. 34,927.   October 31, 1962

*Webb, Schulz & Stokes*, San Angelo, for appellant.

*Justin A. Kever*, District Attorney, San Angelo, and *Leon Douglas*, State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is murder; the punishment, 5 years.

Two groups of three Latin American men each met at a park near the city of San Angelo for the purpose of singing, guitar playing and beer drinking. This was followed by wrestling among

themselves in a spirit of fun until deceased threw appellant to the ground. According to the State's witnesses, this occurred several times, and the appellant got up, struck deceased and continued to chase him around the automobiles. The witness Lopez testified that when he attempted to intercede appellant cut him on the shoulder. Appellant and deceased went down a small hill out of sight of the other witnesses, and shortly thereafter appellant returned, stated that he "had cut him", got in his automobile, and departed the scene. The two witnesses who remained found deceased lying in a ravine "cut in the head and his stomach". An ambulance arrived, and deceased was carried to the hospital, where he died from wounds inflicted by a sharp instrument. After leaving the altercation at the park, appellant went to the home of his estranged wife's parents and cut the screen door when he was refused admittance. The parents called the police, and, while they were subduing appellant, he threw his knife away. Upon the arrival of the police, they found a knife near the scene. No knife was found in the park around the scene where the body was found.

Appellant's witness Carillo testified that after appellant and deceased had "rassled" awhile they got mad, that deceased in his flight from appellant attempted to use the witness Carillo as a shield but that he was able to extricate himself from deceased's grasp and the pursuit continued on down the hill with the fight still in progress. He stated that he saw no knife in the hands of deceased but that he did see appellant's knife as they were driving from the park into the city.

None of the witnesses saw a knife in the hands of either party at the park because of darkness.

Appellant's father, his wife, and a family friend, the jailer, testified that appellant had certain cuts and scratches about his body when they saw him shortly after the occasion in question.

Appellant, testifying in his own behalf, stated that deceased was mad at him because he was separated from his wife who was a relative of deceased; that after deceased threw him to the ground he saw him go over to one of his companions and saw the companion "pass" something to him; so he went to his automobile, got his knife, and struck at deceased after deceased had injured him. He denied that he cut Lopez and denied that the knife found by the police near his wife's parents' home was his.

The jury resolved the issue of self defense submitted to them

in the court's charge against appellant, and we find the evidence sufficient to sustain their verdict.

Appellant attempted to exclude the testimony of the witnesses Mrs. Ojeda and Mrs. Hernandez. The court properly instructed counsel to proceed with the interrogation of the witnesses and make his objections during the course of such examination. We find no formal or informal bills of exception to any question propounded to or answers made by such witnesses, and hence no error is before us for review. In Gentry v. State, 105 Texas Cr. Rep. 629, 290 S.W. 543, this Court said:

"* * * the proper time to oppose the introduction of the testimony which the accused deems inadmissible against him is when it is offered. If proffered testimony against him be admitted over his objection, he can invoke a review of the action of the court by preserving a record of the matter in a bill of exceptions. In the present case there seems to have been no exception to the introduction of the testimony. The action of the court in failing to sustain the preliminary motion raises no question for review."

We find in the transcript certain "Exceptions and Objections to the Court's Charge", but there is no showing in this record that same were ever presented to the court or acted upon by him. In the absence of such a showing, we are without authority to pass upon any questions sought to be raised thereby. McCown v. State, 170 Texas Cr. Rep. 142, 338 S.W. 2d 732, and Whitby v. State, 155 Texas Cr. Rep. 192, 233 S.W. 2d 141. At the time the knife which was found by the officer was offered in evidence, objection was made on the grounds that it was not shown to be the one used in the homicide. While it is true that no witness could identify the knife used in the park, appellant was shown to have said that he cut the deceased, he was shown to have a knife in his possession on the way from the park into the city and was shown to have cut the screen after he got to the house of his wife's parents, and then throw a knife away near where it was found by the police. In Chavira v. State, 167 Texas Cr. Rep. 197, 319 S.W. 2d 115, we said:

"The rule is well settled that in prosecutions for homicide the weapon with which the crime was committed, or alleged to have been committed, is admissible in evidence. The lack of positive identification of the weapon affects its weight as evidence rather than its admissibility. Wilson v. State, 289 S.W. 2d 597."

Finding no reversible error, the judgment of the trial court is affirmed.