**Roy Allen MELANCON, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 37025.

Court of Criminal Appeals of Texas.

June 17, 1964.
Rehearing Denied Oct. 14, 1964.

Second Motion for Rehearing Denied
Nov. 18, 1964.

Louis Dugas, Jr., Orange, for appellant.

W. C. Lindsey, Dist. Atty., John R. De Witt, Asst. Dist. Atty., Beaumont, and Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Judge.

The offense is rape by force; the punishment, twelve years confinement in the state penitentiary.

The state's evidence reflects that the appellant forced the prosecutrix to stop her car while driving home from work, around 11:15 P.M. on the night in question. Appellant then approached her car, identified himself as a police officer, and said he was taking her to jail. His destination, however, was not in truth the city jail, as he drove to a lonely road. After some struggle in which the back of prosecutrix'

dress was torn off and threats by appellant with a pistol, prosecutrix was raped.

The rape was reported to the police the next day and prosecutrix was examined by a medical doctor who testified that she had had intercourse within 24 hours prior to the examination. The husband of the prosecutrix testified that they had not had intercourse for a week prior to the assault.

The prosecutrix, about a week later, in the company of her husband and a minister saw her assailant (who she identified as appellant) driving his car in Port Arthur, whereupon she took down his license number and reported the same to the police. Through a description of appellant's car and the license number so acquired, an arrest of appellant was subsequently made.

Prosecutrix identified in court a piece of her dress which was found at the scene of the attack, and also identified a thermos jug, a piece of iron, a western hat and an imitation pistol, which had been taken from appellant's car during his arrest, as being the *same objects* that were in the car of her assailant the night of the attack.

Casts of tire tracks at the scene of the assault were introduced into evidence and it was shown that those casts matched a tire from appellant's car.

■ Through his ex-wife and his parents appellant's defense of alibi was presented. The defensive theory was rejected by the jury and the evidence is sufficient to support their verdict.

Appellant in his brief relies upon two propositions of law for reversal, the first being that the trial court erred in allowing the state's witness Marilyn Harraman to testify that appellant had at 3:00 P.M. the afternoon of the assault, stopped his car and told her and her girl friend that he was a police officer, showed them some money and said if they would get in the car he would give them all the money they wanted.

■ We are not called on to decide whether this evidence was admissible as the record reflects that no objection of any kind was interposed by the appellant until the witness had testified to substantially all the evidence here complained of. The objection coming as it did at the conclusion of the testimony was too late. Gephart v. State, 157 Tex.Cr.R. 414, 249 S.W.2d 612, and cases cited therein; 5 Tex.Jur.2d Sec. 39.

■ Appellant contends, secondly, that error was committed when the trial court allowed testimony concerning appellant's arrest without a warrant and evidence relative to a search then made, as such arrest was illegal. Again we are constrained to conclude that appellant's contention is without merit. While we are convinced that the arrest was legal under the requirements of Article 215, Vernon's Ann.C.C.P., we do not deem it necessary to illustrate our reasoning in this regard as three of the four principal objects found by the search of the automobile were introduced without objection. Following the reasoning in Gephart, supra, any error was not preserved for review by this Court.

Finding the evidence sufficient to support the jury's verdict, and no reversible error appearing, the judgment is affirmed.

On Appellant's Motion for Rehearing

MORRISON, Judge.

Appellant strenuously takes us to task for the holding in our original opinion that his objection to the testimony of the State's witness Marilyn Harraman came too late, and insists that the objection was timely made.

■ Upon a re-examination of the record we remain convinced that the witness was permitted to testify to practically all the events which she observed before a proper objection was made, and further find that at the close of her testimony when the court was made to understand fully the nature of appellant's complaint, he instructed the jury specifically not to consider the

girl's testimony about the offer of money and the invitation to take a ride and to disregard the same and consider it for no purpose in the case. Such instruction, in our opinion, was sufficient to cure any error in admitting the witness's testimony. Harris v. State, Tex.Cr.App., 375 S.W.2d 310, and authorities there cited.

Remaining convinced that a proper disposition was made of the case on original submission, the motion for rehearing is overruled.