Charles Leroy **BURTON**, Appellant,

v.

**The STATE of Texas, Appellee.**

No. 41179.

Court of Criminal Appeals of Texas.

April 17, 1968.

Rehearing Denied May 29, 1968.

Glenn Hausenfluck, Fort Worth, for appellant.

Frank Coffey, Dist. Atty., Truman Power and Roger Crampton, Asst. Dist. Attys., Fort Worth, Tex., and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

BELCHER, Judge.

The conviction is for assault with intent to murder; the punishment, twenty-five years.

The sole ground of error is that the "Appellant contends that the admission into evidence of testimony concerning extraneous offenses on the part of Appellant is reversible error."

The indictment returned and filed February 14, 1967, charged the appellant in the first count with committing the offense of assault with intent to murder on January 21, 1967; and the second count charged him with assault with intent to rape on the same person on the same date. The appellant was arrested on January 23, 1967.

Dorothy M. Bradford, mother of the appellant, testified in support of his plea of

insanity. On direct examination she testified in part as follows:

"Q I will ask you whether or not he has ever been committed to a State Institution because of insanity?

"A Yes, sir, in 1965 he was committed to the Rusk State Hospital.

\*　\*　\*　\*　\*　\*

"Q And then he was brought back to this court room in May of 1966?

"A Yes.

"Q At which time a similar jury found that he had regained his sanity and ruled to the effect that his sanity had been restored?

"A Yes.

\*　\*　\*　\*　\*　\*

"Q I will ask you whether or not that improvement continued from then up until the time he was arrested on this particular offense?

"A No, sir, it didn't.

\*　\*　\*　\*　\*　\*

"Q Do you believe that this depression he developed over his inability to get into the service and the inability to get a job and so forth and so on, is the thing that caused him to revert to the same condition that he was prior to the time that he was adjudged insane?

"A Yes.

"Q I will ask you whether or not around this occasion whether or not his actions and mannerisms were very similar to the same actions and mannerisms that he possessed in 1965 when he was sent to the Rusk State Hospital and declared insane?

"A Yes."

On cross-examination, Dorothy M. Bradford, testified in part as follows:

"Q Mrs. Bradford, back on February 10, 1965, I believe you have testified that there was a prior sanity hearing held here in behalf of Charles Leroy Burton, is that correct?

"A Yes, in 1965.

\*　\*　\*　\*　\*　\*

"Q Mrs. Bradford, you say his activities here just prior to this occurrence on February 21st was somewhat the same as those activities which brought about this other sanity hearing?

"A His actions; his nervousness.

"Q And somewhat the same accusation, as a matter of fact, was it not?

"A His manner of doing; twitching of his nerves.

"Q Was he not in fact brought into Court on the same accusation or nature of accusation—

"Appellant's Counsel: Your Honor, we are going to object to counsel going into any other extraneous offenses for the reason that it is prejudicial, and we ask the Court to instruct the jury to not consider it.

"The Court: *The jury will go to the jury room* for just a minute, please. Just two or three minutes.

(Jury Returned)

"The Court: I will sustain the objection to the last question.

"Appellant's Counsel: Your Honor, will you instruct the jury not to consider the same?

"The Court: And the jury will not consider the last question asked for any purpose at this time.

"Appellant's Counsel: Your Honor, after the Court has done all the Court can do to cure the error committed by the District Attorney, I now ask the Court to declare a mistrial in this case.

"The Court: I will overrule the objection.

"Appellant's Counsel: Please note our exception.

    *     *     *     *     *     *

"Q You have testified there had been a previous hearing on sanity on February 10, 1965?

"A Yes.

"Q As a matter of fact, Mrs. Bradford, in those particular cases you also filed an affidavit of insanity in connection with that, did you not?

"A Yes.

"Q He was charged there with the offense, two offenses, is that correct?

"A Yes.

"Q He was charged with robbery and rape, is that right?

"A Yes.

"Appellant's Counsel: Your Honor, we object to that—reference to extraneous offenses which are highly prejudicial to the cause in this case and we object to it.

"The Court: I will overrule the objection.

"Appellant's Counsel: Please note our exception.

"By State's Counsel:

"Q Mrs. Bradford, will you look at State's Exhibit Number 11. Do you recognize that? (affidavit of insanity)

"A I recognize my signature.

"Q That is your signature on that paper?

"A Yes.

"Q And it does state, does it not, that you believed as to those particular cases on the 30th day of December, 1964, that he also was of unsound mind?

"A Yes."

Even though the appellate brief is lacking in the specificity necessary in order to state a ground of error, the record has been considered.

The appellant first brought out, while his mother was testifying, that he was found insane in 1965 and committed to the Rusk State Hospital; that about one year later his sanity was restored after a jury trial, but later he began to revert to the same actions, mannerisms, and conditions that he had before he was adjudged insane in 1965 and sent to the Rusk State Hospital.

In light of the record which reflects testimony, without timely objection, that the appellant had been charged with "two offenses" at the time she filed the affidavit of insanity in 1965; and that from his present (1967) actions and conduct he had begun to revert to the same conditions he had before and when he was adjudged insane in 1965, no error appears in the admission of testimony pertaining to extraneous offenses.

The judgment is affirmed.