**George WATSON, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 25121.

United States Court of Appeals Fifth Circuit.

April 12, 1968.

Rehearing Denied May 8, 1968.

Bruce J. Borrello, New Orleans, La., for appellant.

Harry F. Connick, Asst. U. S. Atty., New Orleans, La., for appellee.

Before THORNBERRY, AINSWORTH and DYER, Circuit Judges.

PER CURIAM:

Appellant Watson, a seaman, having been convicted by a jury of possession of marihuana aboard an American vessel engaged on a foreign voyage, in violation of 21 U.S.C. § 184a, brought this appeal alleging that the search and seizure of his effects by the Master of the vessel on which appellant was then employed, in the absence of a search warrant and over his objection, and the introduction into evidence of the fruits of the search, constituted a violation of his Fourth Amendment rights. The basis of appellant's argument is that the Master, although a private citizen, was at the time of the search acting in the capacity of a law enforcement officer of the United States.

■ We reject this concept, as we are fully convinced that appellant's disorderly conduct and bizarre behavior fully justified a search of appellant's effects for "dope" by the Master, a man of considerable maritime experience; that the protection of the crew, the vessel and its cargo warranted the Master's actions.

■ We have held in Barnes v. United States, 1967, 373 F.2d 517, and we reaffirm our prior holding, that the Fourth Amendment does not require exclusion of incriminating evidence obtained through a search by a private citizen.

Affirmed.