**Tommie GREER, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 44442.

Court of Criminal Appeals of Texas.

Dec. 21, 1971.

Bob C. Hunt, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and F. M. Stover, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for sale of heroin where the punishment was assessed at life.

In his sole ground of error appellant complains the court erred in overruling his motion for a mistrial when the State introduced testimony concerning an extraneous offense "which was in no way related to offense charged in this cause."

C. W. Padgett, an employee of the Texas Department of Public Safety, Narcotic Division, was acting as undercover agent in Harris County on November 28, 1969. On that date about 8:30 p. m. he saw the appellant at the K-Mart Department Store at 18th and T. C. Jester streets in Houston. He had known the appellant for two or three weeks and had been introduced to the appellant as Clint Wayne Phillips.

Padgett testified that at the time in question the appellant asked him if he wanted "to score." When he replied affirmatively the appellant sold him "a half paper" of heroin for $23.00. The chain of custody of the white powder in the green cellophane "half paper" was established and the chemist testified that the analysis showed the powder or substance to be heroin.

The appellant did not testify or offer any evidence. At the penalty stage of the trial it was shown he had been previously convicted of six felony offenses.

Turning to appellant's contention we note that Padgett testified on direct examination that when he greeted the appellant at the K-Mart on the occasion in question the appellant returned the greeting and stated he was there with Linda who was inside. It was then established that reference was to a Linda Cole.

On cross examination Padgett related that no one else was present when the sale

was made except the appellant and himself. He was then asked:

"Q.    Where was Janie Cole?

"A.    I wouldn't know."

And still later:

"Q.    Do you know whether or not Janie Cole testified before the Grand Jury?

"A.    No sir, I don't know."

On re-cross examination Padgett was asked:

"Q.    Where was Janice Cole at that time?

"A.    I have no idea.

*    *    *    *    *    *

"Q.    —Do you know a person named Janice Cole?

"A.    Yes sir, I do.

*    *    *    *    *    *

"Q.    —What led him to believe you might want to score?

"A.    I had been over there with other people before and saw they could score.

"Q.    So, then, he just, out of the clear blue, asked you this?

"A.    Yes, sir.    He had seen me with those people before, and that's what we went for."

Immediately thereafter on re-direct examination the complained of testimony occurred:

"Q.    Were other people—were there other people that you had been with that had scored, had they scored from this defendant in your presence?

"A.    Yes, sir.

"Q.    On one or more occasions?

"A.    On several occasions.

"Q.    Is Janice Cole a narcotic addict?

"A.    Yes, sir.

"Q.    Have you seen her score from Tommy Greer?

"A.    Yes, sir.

"Q.    Was she the one that introduced you to Tommy Greer?

"A.    Her, I was with her, and—

> "MR. GRAY: Your Honor, at this time we move for a mistrial.    The State has introduced an extraneous offense.    It has not in any way been invited by the defense questioning of this witness, and we move for a mis-trial.
>
> "THE COURT: Your Motion for a Mis-trial is denied."

"Evidence of the commission of other crimes by the accused is admissible as part of the res gestae or to show identity of person or crime, intent, motive, scienter, system, and malice," 23 Tex.Jur.2d, Evidence, Sec. 195, p. 300, when these matters are in issue.    Parks v. State, Tex.Cr.App., 437 S.W.2d 554; see also 1 Branch's Ann. P.C., 2d ed., Sec. 188, p. 200.[1]

Moreover, we observe that appellant made no objection to the complained of testimony.    He waited until the testimony was fully before the jury; then without objection or request for jury instruction moved for a mistrial.    After such motion was overruled, he requested no other type of relief.    He relies upon the court's ruling as error.

It is fundamental that a timely objection to inadmissible evidence must be urged at the first opportunity.    This was not done nor has appellant shown a reason for delaying his objection.    Martinez v. State,

1.  It is observed that it has been held that issue of identity so as to authorize the admission of an extraneous offense or transaction may be raised by cross examination.    Ferrell v. State, Tex.Cr.App., 429 S.W.2d 901; Parks v. State, supra.

Tex.Cr.App., 437 S.W.2d 842; Evans v. State, Tex.Cr.App., 444 S.W.2d 641.

Further, appellant first injected Janie or Janice Cole into evidence, implying by his questions she had some knowledge of the offense charged. Thereafter appellant elicited testimony from Padgett that Padgett had been with other people who "scored" on a previous occasion or occasions and that he (the appellant) had seen Padgett with such people. It would appear that appellant having inquired into the subject matter the State was authorized to also make inquiry. See Article 38.24, Vernon's Ann.C.C.P.

Under all the circumstances presented, no reversible error is perceived.

The judgment is affirmed.