Welton THOMAS, Appellant,

v.

The STATE of Texas, Appellee.

No. 44981.

Court of Criminal Appeals of Texas.

March 22, 1972.

———◆———

Gilbert M. Spring, Lufkin, for appellant.

Jim D. Vollers, State's Atty., and Robert Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The conviction is for robbery by firearms. The State did not seek the death penalty. The punishment assessed by the jury after appellant's plea of guilty was thirty years imprisonment.

On June 25, 1970, at about 6:15 p. m., appellant and another individual entered the Nuway Grocery in Lufkin. After making a cursory inspection of the premises, appellant grabbed one of the two employees in the store and pointed a pistol at the other, saying, "Man, this is a holdup." His coprincipal revealed a pistol and told one of the employees to empty the contents of the cash register, whereupon the employee placed $272.00 in the paper sack he had been given. Within minutes police arrived at the scene. A dispatch was broadcast over the police radio for the arrest of "two or three men" in a " '62 or '63 light blue Ford." At the time the dispatch was made it was believed that a third man, "the driver," had remained with the vehicle. Shortly thereafter, the appellant and two other individuals were arrested in Diboll in a car matching that description. A sack containing $272.00 was found in the automobile.

■ Appellant entered a plea of guilty before a jury. A bifurcated trial was held. This was unnecessary. The punishment to be assessed is the only issue when a plea of guilty is entered before a jury and a bifurcated trial is not needed. See Allen v. State, 474 S.W.2d 480 (Tex.Crim.App. 1971); Ring v. State, 450 S.W.2d 85 (Tex.Crim.App.1970).

Appellant's only complaint on appeal is concerned with the cross-examination of the appellant and the questioning of a witness about charges for other offenses pending against the appellant in Harris County, because it showed extraneous offenses for which appellant had been charged but not convicted.

During the hearing on punishment, the appellant testified as to his remorse for having participated in the offense and his prior good conduct in an appeal for the jury to grant his application for probation. During direct examination the appellant was asked if he did not think that he was

entitled to probation because he had never been in trouble. In cross-examination of appellant the prosecutor interrogated him concerning whether there were pending felony charges against him in Harris County. The prosecutor also interrogated a police officer concerning pendency of other felony charges against the appellant in Harris County. Thereafter, appellant's counsel placed the prosecutor on the stand and questioned him about his knowledge of pending charges in Harris County. All of this occurred in the presence of the jury.

It would appear that the interrogation of the appellant and his testimony may have been an invitation for such cross-examination of the appellant and the testimony elicited from the police officer. See Alexander v. State, Tex.Cr.App., 476 S.W.2d 10 (1972) and Orozco v. State, 164 Tex.Cr.R. 630, 301 S.W.2d 634 (1957).

█ The error, if any, was not properly preserved. On cross-examination of the appellant the following occurred:

Questions by Prosecutor:

"Q. Okay. I believe you said you— how old are you?

"A. 27.

"Q. Are you the same Welton Thomas who was charged in Cause Number 337388 Robbery by Firearms and Assault with Intent to Murder in Harris County, in Harris County Justice Court Precinct One?

"A. I know nothing of that sir.

"Q. You know nothing about those charges?

"A. No sir.

"Q. If there was such a warrant, it wouldn't be true, is that right?

"A. Right sir.

"Q. You are telling this jury you have never been charged with anything?

"A. No sir.

(DEFENSE COUNSEL): "Your honor, I object to him asking what he has been charged with. It is a matter of proof.

"Q. Your honor, he has submitted himself to cross examination, the door is wide open.

"THE COURT: He has already testified, he said he didn't and it was not true and so you will have to go from there.

"Q. You are telling this jury you have never been charged with anything in Harris County, is that correct?

(DEFENSE COUNSEL): "Your honor, that question has already been answered.

"A. Not that I know of sir.

"Q. And you never spent time in jail?

"A. That's right."

The appellant did not make a timely objection. The question was answered and other questions were asked and answered before any objection was made. Burton v. State, 427 S.W.2d 886 (Tex.Crim.App. 1968); Melancon v. State, 383 S.W.2d 604 (Tex.Crim.App.1964), and see Greer v. State, 474 S.W.2d 203 (Tex.Crim.App. 1971); 5 Tex.Jur.2d, Sec. 39, pp. 65–66. The objection was general and not on the grounds now urged.

The appellant failed to secure a ruling of the court, therefore, no error is preserved. Austin v. State, 451 S.W.2d 491 (Tex.Crim.App.1970) and Bell v. State, 442 S.W.2d 716 (Tex.Crim.App.1969).

During the direct examination of Officer Clark by the prosecutor, the following occurred:

"Q. Officer Clark, are [you] familiar with some warrants that were sent to the Lufkin Police Department from Harris County?

(DEFENSE COUNSEL): "Your honor, I object to them, that line of questioning. I don't know why he wants to display warrants.

"THE COURT: Well, in the first place, are you familiar with them, yes or no?

"A. Yes sir, I have seen the warrants.

"Q. What were those warrants for?

"A. Four warrants for Robbery by Firearms and one warrant for assault to murder.

"Q. And where did those warrants come from?

"A. From Harris County.

"Q. And I believe Harris County at the present time has a hold on this defendant, is this correct?

"A. That is my understanding.

"Q. I believe that's all."

■ There was no objection to part of the testimony and the objection made was not on the grounds now urged. A ruling by the trial court was not obtained. No error is shown. Austin v. State, *supra,* and Bell v. State, *supra.*

■ The appellant had filed a motion *in limine* and had obtained an order of the court precluding the prosecutor from going into these matters. Appellant's argument that the error is preserved by the court's order is not sound. Gonzales v. State, 172 Tex.Cr.R. 556, 361 S.W.2d 393 (1962); Padgett v. State, 364 S.W.2d 397 (Tex. Crim.App.1963) and Gentry v. State, 105 Tex.Cr.R. 629, 290 S.W. 543 (1926).

The judgment is affirmed.

Opinion Approved by the Court.

ONION, Presiding Judge (concurring).

I concur in the result reached, but feel compelled to state my reasons therefor.

As I view it, appellant's complaint is that he was improperly impeached while testifying in his own behalf at the punishment hearing which he was afforded, although one was unnecessary since the plea of guilty in this felony case was entered before the jury. See Ring v. State, 450 S. W.2d 85 (Tex.Cr.App.1970).

It is appellant's contention he should not have been impeached by a showing that he was charged with pending offenses which had not resulted in final convictions. Under the provisions of Article 38.29, Vernon's Ann.C.C.P., the fact that a witness has been charged with an offense is inadmissible for the purpose of impeaching unless the charge has resulted in a final conviction. Stephens v. State, 417 S.W.2d 286 (Tex.Cr.App.1967); Hunter v. State, 168 Tex.Cr.R. 160, 324 S.W.2d 17 (1959); Tomlinson v. State, 163 Tex.Cr.R. 44, 289 S.W.2d 267 (1956). Furthermore, the final conviction must be for a felony offense or one involving moral turpitude, Mauldin v. State, 165 Tex.Cr.R. 405, 308 S.W.2d 36 (1957), and even then it must not be too remote, Stephens v. State, supra.

If, however, the appellant "opens the door" and makes blanket statements concerning his exemplary conduct, such as he has never been charged or convicted of any offense, then the State may refute such testimony despite the nature of the conviction or offense or its remoteness, Orozco v. State, 164 Tex.Cr.R. 630, 301 S. W.2d 634 (1957), and cases there cited. See also Heartfield v. State, 470 S.W.2d 895 (Tex.Cr.App.1971).

In the instant case, appellant has filed a motion seeking probation at the hands of the jury. See Article 42.12, § 3a, Vernon's Ann.C.C.P. Appellant, who was in jail on the instant offense and was represented by appointed counsel, testified that he had served honorably in the military service. The record then reflects the following on direct examination:

"Q. Now, you signed a paper here saying you have never been convicted of

a felony in this state or any other state. Now, is that correct?

"A. That's correct.

"Q. *Have you ever been in jail before?*

"A. *No, I haven't.*

"Q. *You haven't been in jail for any offense?*

"*No, sir.*

" . . . .

"Q. But still you feel *due to the fact you have never been in trouble before,* that you should receive probation here?

"A. I feel that I realize that I have made a terrible mistake." (Emphasis supplied.)

The underlined portion of the above quoted testimony and the questions asked left a distinct impression that the appellant had had no previous difficulty with the law. The State was entitled to refute such testimony since the door had been opened.

On cross examination, the State inquired particularly about certain pending felony charges in Harris County. Appellant denied knowledge of such charges and further stated he had never been previously charged "with anything." At this time the first objection was interposed.

Thereafter the State proved there were outstanding arrest warrants for robbery and for assault to murder for the appellant from Harris County.

Appellant's counsel called the prosecuting attorney as a witness and he confirmed the fact that there were arrest warrants from Harris County, although he did not know whether any indictments had been returned.

This would have been a stronger case had the evidence reflected that the arrest warrants had been executed thus showing appellant's knowledge of the same before his testimony, but I conclude that since the appellant opened the door with testimony concerning his exemplary conduct the method of impeachment was not improper. See Barnett v. State, 445 S.W.2d 205 (Tex.Cr.App.1969). The granting of the motion in limine to prohibit the State from using charged offenses for impeachment purposes does not protect an accused where he subsequently opens the door.

ODOM, J., joins in this concurrence.