**Samuel CRAWFORD, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 44835.

Court of Criminal Appeals of Texas.

April 12, 1972.

Wade, Rasmus & Washington by Craig A. Washington, Sr., Houston, for appellant.

Carol S. Vance, Dist. Atty., George Jacobs, Asst. Dist. Atty., Houston, and Jim

D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This appeal arises out of a conviction for unlawfully carrying a pistol, second offense. Punishment was assessed at 540 days in the county jail.

Appellant contends the court erred in permitting the introduction of testimony concerning a pistol seized as a result of a search incident to an illegal citizen's arrest.

The record reflects that on June 15, 1970, Paula Joseph pointed out the appellant as the man who had assaulted her on May 27, 1970. Her uncle, Roger Joseph, a taxicab driver, stopped the appellant and with the help of others forced the appellant into his cab.

Houston Police Officer Wiggins received a disturbance call and proceeded to the 3800 block of Sampson where 18 or 20 persons were standing around a taxicab. He then observed the appellant, Roger Joseph and another man all struggling and fighting in the back of the cab, that the appellant was "mouthing" and had a bulge in his right front pocket. At this point, he arrested the appellant and searched him finding a .22 pistol in his pocket wrapped in a towel.

Testifying in his own behalf, appellant admitted that at the time he had the .22 pistol.

There are thus several reasons why appellant's contention is without merit.

First, in Daniels v. State, 387 S.W.2d 886 (Tex.Cr.App.1965), the court stated:

"It has been often held by this Court that error in the admission of evidence obtained as the result of an illegal search becomes harmless where the defendant testifies and affirms the truth of such

evidence. (cases and authorities cited are omitted)"

 Second, it appears that the pistol was found as a result of a search incidental to an arrest by Officer Wiggins. Under Art. 14.01 and 14.03, Vernon's Ann.C. C.P., the officer clearly had the authority to arrest without a warrant and the search incident thereto would be valid. *Cf.* Cox v. State, 442 S.W.2d 696 (Tex.Cr.App. 1969); Alexander v. State, 458 S.W.2d 656 (Tex.Cr.App.1970).

Under these circumstances we need not consider the validity of a citizen's arrest, if any there was.

We do observe in passing that the Fifth Circuit Court of Appeals has held in Barnes v. United States, 373 F.2d 517 (1967), and in Watson v. United States, 391 F.2d 927 (1968), that the Fourth Amendment, United States Constitution, does not require exclusion of incriminating evidence obtained through a search by a private citizen.

 Next, appellant complains of the admission into evidence of testimony concerning the aggravated assault charge against Paula Joseph. Appellant fails to point out where such evidence was admitted over his objection as claimed. We do note that early in the trial appellant personally objected, called Officer Wiggins a liar and stated he had been found not guilty of aggravated assault.

Further, Roger Joseph was called as a defense witness and on re-direct examination, he was asked if he didn't know that the appellant had been acquitted of aggravated assault upon his (Joseph's) niece. The witness answered in the affirmative. Subsequently, Paula Joseph testified for the State. On cross examination, she was asked to affirm the fact that the appellant had been acquitted of an assault upon her. She did.

Having offered the evidence himself, we find no merit in appellant's contention.

Hughes v. State, 302 S.W.2d 747 (Tex.Cr. App.1957).

Lastly, appellant complains that where the nature and validity of the arrest are in dispute, the issues as to the arrest should be included in the court's charge where requested. What we said in disposing of appellant's initial contention also disposes of this ground of error. We cannot agree that the validity of the arrest was in dispute so that a fact issue had to be presented to the jury in the court's charge.

The judgment is affirmed.