**Roy Henry MAGHE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46210.**

Court of Criminal Appeals of Texas.

June 13, 1973.

Rehearing Denied June 27, 1973.

Thomas M. Roberson (Court appointed), Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough, Ted Busch, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the offense of murder. The jury assessed punishment at life.

The sufficiency of the evidence is not challenged.

Complaint is made that appellant was allowed to appear before the jury in jail clothing and that evidence seized in a search was improperly admitted.

We affirm.

On August 25, 1969, an armed robbery occurred at Tom's Toasted Peanuts warehouse at 4020 Kohler Street, Houston. During the robbery one victim was beaten, another was shot and wounded, and Robert Charles Watson, a security guard, was shot and killed. The appellant testified that he participated in the robbery.

First, appellant contends that the trial court erred in allowing him to appear before the jury panel in jail clothes. He relies on Hernandez v. Beto, 5 Cir., 443 F.2d 634, where the Court of Appeals for the Fifth Circuit granted relief because Hernandez had been tried in jail clothes. The attorney in that case testified that he did not object to Hernandez being tried in jail clothing because he did not think it would do any good to object.

In the present case, the trial court held a hearing on appellant's motion in arrest of judgment. Deputy A. C. Watson, bailiff of the 183rd District Court, testified that he told appellant that he had a civilian suit for him in the back room of the court but that appellant said he would wear it only during the trial, not during the selection of the jury. Neither retained trial counsel nor appellant objected that he was in jail clothing during the selection of the jury.

■ Absent an objection at trial, appellant cannot now complain that he was tried in jail clothes or that he was in jail clothes while the jury was impaneled. See Ex Parte Kelly, Tex.Cr.App., 484 S.W.2d 773.

Next, he contends that the trial court erred in failing to sustain his motion to suppress evidence obtained as a result of his warrantless arrest and search of his automobile.

■ After keeping an apartment under surveillance for some time, officers followed an automobile driven by the appellant, then stopped and arrested him. During the search of the vehicle, a .38 caliber revolver was found and was later introduced at the trial. If any error was made by the trial court in admitting the revolver into evidence it was made harmless when the appellant testified he had the revolver in the automobile and at the time of the robbery.

This Court has held that error in the admission of evidence obtained as the result of an illegal search becomes harmless where the defendant testifies and affirms the truth of such evidence. Crawford v. State, Tex.Cr.App., 478 S.W.2d 456.

In a pro se brief, appellant has raised several other contentions. These have been examined and are without merit.

No reversible error being shown, the judgment is affirmed.