Leo **COTTON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 46672.

Court of Criminal Appeals of Texas.

Oct. 17, 1973.

James P. Finstrom, Dallas, for appellant.

Henry Wade, Dist. Atty., Robert T. Baskett, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for sale of heroin, wherein the punishment was assessed at life by the court following a verdict of guilty.

The sufficiency of the evidence is not challenged. Suffice it to say the State's evidence reflects undercover agent Charles Mathis of the Dallas Police Department testified that he purchased three caps of heroin from the appellant on April 21, 1971, at the Hilltop Club in Dallas, and on that same date turned the contraband over to Officer B. F. Fowler. Fowler corroborated this part of Mathis' testimony, and a chain of custody of the heroin was traced to the chemist. Leroy Berens, the chemist, testified the substance delivered to him was "one hundred percent heroin."

At the outset, appellant contends the trial court erred in permitting the prosecution to present evidence of an extraneous offense over objection.

On cross-examination appellant's counsel vigorously sought to show that Mathis was unsure of his identification of the appellant as well as the date of the alleged sale. On recross-examination Mathis testified

that independently of having his memory refreshed he "would state that not the exact date of the 21st, but of the month" (April, 1971). Then he was asked:

"Q. Do you have an independent recollection of the sale or the buy that you made immediately before or immediately after the buy that we are talking about here on April the 21st?

"A. The buy immediately after—well, I would say I have—I can remember about a buy I made at least three days."

On redirect examination the prosecutor called to the witness' attention appellant's counsel's question about "the next sale following this sale on April the 21st?" and then asked from whom that sale was made. A general objection was made and a bench conference out of the court reporter's hearing followed. Thereafter, without more, the witness was again asked from whom he purchased "the next buy" and he answered that to the best of his recollection it was the appellant. The only objection offered after this testimony was elicited was that such testimony was in violation of "our motion in limine." [1] The objection was overruled.

After the State rested, the defense called Henry Washington, who testified that during the month of April, 1971, he observed Mathis approach the appellant and badger him for some heroin for Mathis' girlfriend or wife, whom he alleged was sick, and that he went with the appellant and Mathis to West Dallas looking for heroin, but he did not know if any transaction ever occurred that day. He testified he could not recall whether the events described occurred on the 17th or 24th day of April, but that it was on a Saturday, not on Wednesday, April 21st.

---

1. The motion apparently referred to is one requesting the State to be instructed not to mention, allude to or offer evidence of any extraneous offenses until the court and the accused are made aware of the intent of prosecution and a hearing is held outside of the hearing of the jury to determine the admissibility of such evidence. The motion was granted.

■ It would appear that appellant's only objection to the extraneous offense was that the admission violated the motion in limine. It was not the objection now urged on appeal and presents nothing for review. Further, it would appear under the facts that the motion was not violated. See footnote #1.

■ Still further, appellant injected the "next sale" into evidence; and if it was error for the State to subsequently elicit testimony as to the seller, it was harmless error in light of the circumstances of the case. See and cf. Amaya v. State, 473 S. W.2d 476 (Tex.Cr.App.1971); Greer v. State, 474 S.W.2d 203 (Tex.Cr.App.1971); Crawford v. State, 478 S.W.2d 456 (Tex. Cr.App.1972).

Further, we fail to find in light of the record any merit in appellant's contention that if the extraneous offense was admissible the State clearly failed to show its commission and the accused to be its perpetrator.

Next, appellant complains of the prosecutor's jury argument that "We all know it's (heroin) the most dangerous and highly addictive narcotic known to man."

Appellant's objection was sustained, the prosecutor stated he retracted the statement, and said, "Let me say that from the evidence in this cause . . . ." Immediately thereafter the court, upon request, instructed the jury to disregard such argument and not to consider it for any purpose whatsoever. The motion for mistrial was overruled.

Thereafter, without objection, the prosecutor acknowledged that the State had not produced doctors to testify "about how addictive heroin is . . . ." and then returned to a discussion of the evidence.

■ In light of the fact the court charged the jury that heroin was a narcotic drug, that the evidence shows the heroin involved to be "one hundred percent pure," and that it is common knowledge that heroin is addictive,[2] we cannot conclude that the argument outside the record was reversible error in light of the court's prompt action in sustaining the objection and instructing the jury to disregard.

■ Appellant also complains of the court's failure to charge the jury on the law of entrapment despite his timely presented objection.

There was no evidence to raise the issue as to the alleged sale on April 21, 1971, relied upon by the State. Mathis testified that the appellant approached and offered to sell him heroin, and that, when he agreed, the appellant disappeared only to return with the contraband.

The appellant did not testify or offer evidence as to the alleged sale on April 21, 1971.

Appellant's contention is without merit. Garcia v. State, 473 S.W.2d 488 (Tex.Cr. App.1971).

Lastly, appellant complains that Article 20.20, Vernon's Ann.C.C.P., was violated because Mathis' name was endorsed on the indictment as a witness appearing before the grand jury when he did not in fact appear, and Fowler, who did appear before the grand jury, did not have his name endorsed on the indictment.

To support his contention appellant calls our attention to the indictment in the record and to an unsigned, uncertified and unfiled page in the record which purports to be an excerpt from an examination of Fowler. The only thing to distinguish this from any examining trial testimony or other hearing is the heading on the page "April Term, 1971, Grand Jury Number 1761 M & N" and "The State of Texas Vs. Leo Cotton." Since the origin of this page in the record is not clear, we cannot say the record supports appellant's factual assertion.

2. See Dyche v. State, 478 S.W.2d 944 (Tex.Cr.App.1972).

■■ Even if it were otherwise, appellant acknowledges that Article 20.20, supra, is directory and not mandatory, see Jenkins v. State, 468 S.W.2d 432 (Tex.Cr.App. 1971), and while appellant moved for a production of grand jury testimony, which motion was denied, he did not move to compel the State to endorse on the indictment the names of all witnesses who appeared before the grand jury, nor move to exclude any witnesses' testimony on this basis.

We find no merit in appellant's contention that he was misled by the State's action. See Linzy, et al. v. State, 478 S.W.2d 950 (Tex.Cr.App.1972).

The judgment is affirmed.