IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00349-CR

 

David Jay Lassiter,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 413th District Court

Johnson County, Texas

Trial Court No. F39976

 



MEMORANDUM  Opinion










 

        Lassiter appeals his
convictions for second-degree-felony aggravated assault with a deadly weapon.  See
Tex. Penal Code Ann.
§ 22.02(a)(2), (b) (Vernon Supp. 2006).  We affirm.

        In Lassiter’s one issue, he
contends that the trial court erred in overruling Lassiter’s objection to
extraneous evidence of Lassiter’s possession of weapons other than those he
used in the charged offenses.  First, Lassiter argues that the State failed to
give notice of its intent to offer the evidence.  Next,
Lassiter argues that the evidence was irrelevant.  Lastly, Lassiter argues that
the evidence did not constitute same-transaction contextual evidence.

        “As a prerequisite to
presenting a complaint for appellate review, the record must show that
. . . the complaint was made to the trial court by a timely request,
objection, or motion . . . .”  Tex.
R. App. P. 33.1(a).  “[A] party’s complaint is timely if the party makes
the complaint as soon as the grounds for it become apparent.”  Gillenwaters
v. State, 205 S.W.3d 534, 537 (Tex. Crim. App. 2006) (citing Hollins v.
State, 805 S.W.2d 475, 476 (Tex. Crim. App. 1991)); see Griggs v. State,
213 S.W.3d 923, 927 (Tex. Crim. App. 2007), petition for cert. filed, __
U.S.L.W. ____ (U.S. Apr. 17, 2007) (No. 06-11774); Esquivel v. State, 506
S.W.2d 613, 617 (Tex. Crim. App. 1974).  In order to preserve a contemporaneous
complaint made before the jury, “an objection must be . . . made each
time inadmissible evidence is offered.”  Haley v. State, 173 S.W.3d 510,
516-17 (Tex. Crim. App. 2005) (citing Geuder v. State, 115 S.W.3d 11, 13
(Tex. Crim. App. 2003); Martinez v. State, 98 S.W.3d 189, 193 (Tex.
Crim. App. 2003)); accord Ethington v. State, 819 S.W.2d 854, 858 (Tex.
Crim. App. 1991).  “[A]ny error is not preserved,” moreover, where “the same
substantive evidence was elsewhere introduced without objection.”  Reyes v.
State, 84 S.W.3d 633, 638 (Tex. Crim. App. 2002); accord Moore v. State, 999 S.W.2d 385, 402 (Tex. Crim. App. 1999); Nenno v. State, 970
S.W.2d 549, 563 (Tex. Crim. App. 1998); see Lane v. State, 151 S.W.3d
188, 193 (Tex. Crim. App. 2004); Taylor v. State, 109 S.W.3d 443, 449
(Tex. Crim. App. 2003).

        Lassiter contends only that
his motion in limine outside the presence of the jury preserved his complaint. 
However, “a motion in limine does not preserve error.”  Martinez, 98
S.W.3d at 193; accord Manns v. State, 122 S.W.3d 171, 190 (Tex. Crim.
App. 2003); Gonzales v. State, 685 S.W.2d 47, 50 (Tex. Crim. App. 1985);
Thomas v. State, 477 S.W.2d 881, 884 (Tex. Crim. App. 1972).  

        Lassiter also attempted to
make a running objection.  A running objection, however, may only be “made with
the express permission of the trial judge.”  Ford v. State, 919 S.W.2d
107, 113 (Tex. Crim. App. 1996) (quoting Sattiewhite v. State, 786
S.W.2d 271, 284 n.4 (Tex. Crim. App. 1989)); Ethington, 819 S.W.2d at
859 (quoting Sattiewhite at 284 n.4).  

        When the State first offered
testimony of Lassiter’s possession of weapons other than those he used in the
charged offenses, during a victim’s testimony concerning the search of
Lassiter’s car and personal effects, the following colloquy occurred:

       Q.   Did you see them searching
and finding weapons?

       A.    Yes, I did.

       Q.   And how did you feel about
that whenever they found weapons?  Where did they find the weapons that you
saw?

       A.    Well, the first one they
found in his car—

               [DEFENSE]:  Judge, I’m
going to object at this time again.  I’ll make a running objection.  The same
objection as the previous one.

               THE
COURT:  Overruled.

(10 R.R. at 42-43.)  Lassiter does not
complain concerning the trial court’s denial of Lassiter’s requested running
objection.

        The witness continued to
testify as follows, for example, without objection, concerning guns:

       Q.   . . . Where did
you see them find weapons?

       A.    Well, they found a large caliber gun
in his car, inside the car in the passenger area.  And when they searched his
jacket, they found a revolver.

(10 R.R. at 43.)  

        The deputy sheriff who
searched Lassiter’s car also testified as follows, for example, without
objection, concerning knives:

       Q.   . . . . 
After you found that gun in the jacket, did you ask the Defendant if he had any
other weapons?

       A.    Yes, ma’am, I did.

       Q.   What did he say?

       A.    He said, “Yes, he did.” 
It was in the back of his vehicle in a canvas bag.

       Q.   And did you ask him for
consent to search his vehicle?

       A.    Yes, ma’am.  He gave me
verbal consent to search it.

       Q.   And did you search his
vehicle?

       A.    I opened the trunk of his
vehicle and pulled out a canvas bag out of the back of the vehicle, yes, ma’am.

       Q.   And did you, in fact, find
more weapons in there?

       A.    Yes, ma’am, I did.

       . . . .

       Q.  . . . .  Can you
identify those?  

       A.    This is
a brown knife case with a red Swiss knife in it.  This is a gray broad-blade
knife with the blade being approximately three inches long.  I believe it’s also
serrated.  They were also inside the canvas bag where the knifes were.  

(10 R.R. at 148-49.)  

        Lassiter failed to obtain a
running objection, or otherwise to preserve a timely, contemporaneous complaint
concerning extraneous evidence of his possession of weapons.  We overrule
Lassiter’s issue.

        Having
overruled Lassiter’s sole issue, we affirm.

TOM GRAY

Chief Justice

Before Chief Justice Gray,

             Justice Vance, and

             Justice Reyna

             (Justice Vance concurs in the
judgment)

Affirmed

Opinion delivered and filed August 29, 2007

Do not publish

[CR25]