

In The
Court of Appeals
Seventh District of Texas at Amarillo

No. 07-18-00169-CR

KIANA MESHON MITCHELL, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the County Court at Law No. 2
Ellis County, Texas
Trial Court No. 1710074, Honorable A. Gene Calvert, Jr., Presiding

March 7, 2019

MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant Kiana Meshon Mitchell appeals from her conviction by jury of the Class B misdemeanor offense of possession of marijuana in an amount less than two ounces[1] and the resulting sentence of forty-five days of confinement, suspended in favor of community supervision for a period of fifteen months.[2] Appellant challenges her conviction through two issues. We will affirm.

---

[1] TEX. HEALTH & SAFETY CODE ANN. § 481.121(b)(1) (West 2018).

[2] TEX. PENAL CODE ANN. § 12.22 (West 2018).

Background

Because appellant does not challenge the sufficiency of the evidence supporting her conviction, we will discuss only those facts necessary to an understanding of her appellate issues. TEX. R. APP. P. 47.1.

When appellant was stopped for a traffic violation[3] on Interstate 45 by a K9 narcotics officer, the officer made contact with appellant and smelled a strong odor of marijuana. He asked her if she had marijuana in her car. She initially denied it. The officer asked appellant to get out of her car and she complied. The officer told appellant he was going to allow his drug dog to go around her car and if the dog alerted, he would search the car. He asked appellant if there was anything in the car. She admitted she had a blunt in the center console. The officer found the blunt, along with loose tobacco. The officer asked, referring to the blunt he found, "this one here?" Appellant answered affirmatively. Appellant was charged with possessing the marijuana in the blunt.

Before trial, appellant filed a motion to suppress her statements to the officer and the marijuana found in her car, arguing she was in custody for purposes of *Miranda*[4] at the time she told the officer she had a blunt in her car and when she identified the blunt the officer found. Because he did not administer the *Miranda* warnings, she argued, her statements and the marijuana should have been suppressed. The trial court heard the motion. The police officer testified, and a recording of the traffic stop was admitted into

---

[3] *See* TEX. TRANSP. CODE ANN. § 545.062 (West 2018) (describing traffic violation of following too closely). The officer testified that he was standing on the side of the interstate assisting another motorist when he saw appellant traveling too closely behind a pick-up truck to provide sufficient stopping distance.

[4] *Miranda v. Arizona*, 384 U.S. 436, 444-45 (1966).

evidence. After viewing the recording and listening to the officer's testimony and arguments of counsel, the trial court denied the motion in part and granted it in part.

The case later proceeded to jury trial. At the start of voir dire, the trial court made some opening comments. Several venire members arrived late in the courtroom. The court interrupted the proceedings, saying "All right. At this point, those of you that came in late, we've discussed quite a few things before you came in, so we're going to excuse you. You will be excused from any further jury service. The deputy will provide you with a work excuse." Neither party objected to dismissal of those panel members.

During trial, appellant testified and admitted she possessed the marijuana with which she was charged. The jury found her guilty and punishment was assessed as noted.

Analysis

Dismissal of Late-Arriving Venire Members

In her first issue, appellant contends the trial court erred by *sua sponte* dismissing the late-arriving venire members without receiving any type of excuse from them because the court lacked authority to do so. The State argues appellant failed to preserve this complaint for our review. We agree and overrule the issue.

To preserve an error for appeal, the record must contain a complaint that was made to the trial court by a timely and specific request, objection, or motion. *See* TEX. R. APP. P. 33.1(a)(1); *Griggs v. State,* 213 S.W.3d 923, 927 (Tex. Crim. App. 2007). The requirement to preserve a complaint of error through a timely and specific request,

3

objection, or motion applies to almost all error, including constitutional error. *Fuller v. State,* 253 S.W.3d 220, 232 (Tex. Crim. App. 2008).

Appellant did not bring to the attention of the trial court any complaint concerning the dismissal of the late-arriving venire members at the time the members were dismissed, when counsel exercised his challenges, or when the jury was seated. Indeed, at no point prior to appeal did appellant raise this issue. Accordingly, the issue is not preserved for our review and we overrule it.

Motion to Suppress

In her second issue, appellant contends the trial court erred by failing to grant her motion to suppress in its entirety. The State argues that any error in denying appellant's motion to suppress was harmless. We agree with the State and find any error in the trial court's ruling harmless.

In appellant's testimony during the guilt-innocence phase of trial, she admitted to her possession of the marijuana. At the beginning of the direct examination, appellant said, "I'm ashamed that I've even done this. I'm so sorry." Her counsel responded, "Okay. But you know part of what we're here about—so you are not here saying that you didn't possess marihuana. That's not what you are here saying, are you?" Appellant replied, "No." When asked what "ultimately made her tell the truth" about the marijuana, appellant said, "When the officer stated he was going to search my car with the dog . . . I might as well tell him where it was at so he wouldn't have to do that."

"It has long been the rule of this state that the admission of improper evidence cannot be urged as grounds for reversal where the defendant gives testimony on direct

4

examination which establishes the same facts as those objected to." *Leday v. State,* 983 S.W.2d 713, 716 (Tex. Crim. App. 1998). "[E]rror in the admission of evidence obtained as a result of an illegal search becomes harmless where the defendant testifies and affirms the truths of such evidence." *Finney v. State*, 672 S.W.2d 559, 565 (Tex. App.—Austin 1984, no pet.) (citing *Daniels v. State,* 387 S.W.2d 886, 887 (Tex. Crim. App. 1965) (finding any error in admission of items seized from a camper harmless when the defendant admitted to taking the same items the owner testified were taken in the burglary). *See also Maghe v. State,* 496 S.W.2d 71, 72 (Tex. Crim. App. 1973) (citing *Crawford v. State,* 478 S.W.2d 456, 457-58 (Tex. Crim. App. 1972) (citing *Daniels,* 387 S.W.2d 886)). And, the improper admission of evidence is harmless if the same or similar evidence is admitted without objection at some other point during trial. *Estrada v. State,* 313 S.W.3d 274, 302 n.29 (Tex. Crim. App. 2010) (citing *Leday,* 983 S.W.2d at 716-18).

Given appellant's on-the-stand admission of possession of the marijuana, any error in the trial court's denial of her motion to suppress and subsequent erroneous admission of evidence was harmless.

We resolve appellant's second issue against her.

Conclusion

Having overruled each of appellant's issues, we affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.

5